Jones, J.
 

 The Court of Appeals of the Eighth
 
 *486
 
 District found that its judgment was in conflict with the case of
 
 Ohio, ex rel. Crabbe,
 
 v.
 
 City of Youngstown,
 
 decided by the Court of Appeals of the Seventh District on October 30, 1925.
 

 The city claims the right to retain all the fines collected and deposited in the municipal treasury, while the state claims one-half thereof as its due. The city bases its claim upon the Municipal Court Act of Cleveland. Section 1579-41, General Code, a section of the act, reads in part:
 

 “He shall pay over to the proper parties all moneys received by him as clerk; he shall receive and collect all costs, fines and penalties, and shall pay therefrom annually six hundred dollars in quarterly installments to the trustees of the law library association as provided for in division IV, chapter 1 of the General Code, and shall pay the balance thereof quarterly to the treasurer of the city of Cleveland and take proper receipts therefor * * 106 Ohio Laws, 278.
 

 This law was passed, approved, and filed in the office of the secretary of state in May, 1915.
 

 The state bases its right of recovery against the city chiefly upon the provisions of Section 7 of the Crabbe Act (Section 6212-19, General Code; 108 O. L., pt. 2, p. 1184), the provisions of which are as follows:
 

 “Money arising from fines and forfeited bonds shall be paid one-half into the state treasury credited to the general revenue fund, one-half to the treasury of the township, municipality or county where the prosecution is held, according as to
 
 *487
 
 whether the officer hearing the case is a township, municipal, or county officer.”
 

 This latter act was passed by the Legislature in January, 1920, and was approved and filed in the office of the secretary of state in February of the same year. Does the latter act supersede the earlier one relating to the disposition of fines imposed by the municipal court? In so far as these two statutes relate to the same subject-matter, the disposition of fines, it is evident that the two are
 
 m pari materia
 
 and must be so construed. It was so considered in
 
 State, ex rel. Crabbe,
 
 v.
 
 Felton,
 
 112 Ohio St., 519, 148 N. E., 230, where the validity of this provision of the act of 1920 was sustained against an ordinance enacted pursuant to another statute relating to the same subject. In its legislation of 1920 it is very evident that the General Assembly was engaged in adopting a system of laws controlling a particular subject, viz. liquor legislation. The title of that act was as follows:
 

 “An act to prohibit the liquor traffic and to provide for the administration and enforcement of such prohibition and repeal certain sections of the General Code.”
 

 It is manifest therefore that the Crabbe Act of 1920 was a general act dealing specifically with the liquor traffic and its enforcement, while the Municipal Court Act, though a special one applying to the city of Cleveland, dealt with general subjects, such as giving civil and criminal jurisdiction to its' municipal court and providing for the disposition of fines imposed by that court for the violation of all criminal offenses. Since the Legislature in its
 
 *488
 
 act of 1920 confined its legislation to the subject of prohibition enforcement only, it is very evident that its purpose and intent was to segregate from the Municipal Court Act such fines as may have been imposed for violation of the “Crabbe Act.” It dealt specifically with such fines, and provided that one-half of the moneys arising therefrom should be paid into the state treasury. There is no doubt that the purpose of the later legislation was to exempt these particular fines from the operation of the earlier act. For all other purposes the Municipal Court Act was left intact.
 

 Construing these two enactments therefore
 
 in pari materia,
 
 we think that the general policy evinced by the Legislature discloses that the provisions of the Municipal Court Act, relating to the disposition of fines for violation of the Crabbe Act, were superseded by the later act of 1920.
 
 City of Cincinnati
 
 v.
 
 Connor,
 
 55 Ohio St., 82, 89, 44 N. E., 582. The Municipal Court Act contains provisions relating to fines generally; the Crabbe Act of 1920 relates to a particular subject, applying especially to fines for violation of that act. The well-settled rule applying in such case is stated by Williams, C. J., on page 88 (44 N. E., 582) of the
 
 Connor case, supra,
 
 that in case of conflict the particular provisions, especially if later adopted, are designed as an exception to general provisions.
 

 In the case of
 
 City of Cincinnati
 
 v.
 
 Holmes,
 
 56 Ohio St., 104, 46 N. E., 514, Judge Minshall, at page 115 (46 N. E., 516), adverts to the following rule of construction in such cases:
 

 “I know of no rule of construction of statutes
 
 *489
 
 of more uniform application than that later or more specific statutes do, as a general rule, supersede former and more general statutes, so far as the new and specific provisions go.”
 

 The general rule upon the subject is stated thus: “Where there is one statute dealing with a subject in general comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute.” 36 Cyc., 1151.
 

 There is still another reason why the Municipal Court Act is superseded by the later act. Section 9 of the enactment of 1920, the repealing section of that act, provides that: “All provisions of law inconsistent with this act are repealed only to the extent of such inconsistency.”
 

 It is apparent that the provisions of the Municipal Court Act, relating to the disposition of fines in this class of cases, are inconsistent with the later provisions of the act of 1920. They cannot stand together. One or the other must necessarily fall. They are in conflict with one another in their respective provisions relating to the disposition of these fines. Therefore, under the express provisions of the later act of 1920, the Municipal Court Act is repealed to the extent of such inconsistency, in so far as it relates to the disposition of such fines.
 

 The judgments of the lower courts are reversed,
 
 *490
 
 and judgment will be rendered in favor of the plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day and Allen, JJ., concur.
 

 Robinson, J., not participating.