The petition in error raises two legal questions:
(1) Do the provisions of Amended Senate Bill No. 61 (115 Ohio Laws, 26) empower the commissioners *Page 116 
of Trumbull county, Ohio, to use the proceeds of gasoline tax funds allocated to that county for poor relief purposes, or are the provisions of Amended Senate Bill No. 61 repealed by the provisions of Amended Senate Bill No. 62 (115 Ohio Laws, 629)?
(2) If the provisions of Amended Senate Bill No. 61 granting authority to use gasoline tax funds for poor relief purposes are not repealed, are such provisions constitutional?
It will be observed that Senate Bill No. 62 expressly repealed original and existing Sections 5527 and 5541. It did not, however, expressly repeal Section 1 and Section 2 of Amended Senate Bill No. 61. In amending Section 5527 and Section 5541, the rate of tax was changed from two cents per gallon to one and one-half cents per gallon, and the following words were omitted from both Section 5527 and Section 5541: "And to the tax levied between the effective date of this act and March 1, 1935, for the purpose of providing poor relief in the various counties of this state". Thus the rate of the taxes was changed and poor relief was removed as one of the purposes of such taxes.
Because Sections 1 and 2 of Amended Senate Bill No. 61 were not expressly repealed, the officials of Trumbull county thought they were still in effect and authorized the diversion of gasoline and motor fuel excise taxes, levied and collected under Sections 5527 and 5541 as amended by Senate Bill No. 62, to the poor relief fund of the county. But both of the later sections provide that the purpose of such taxes is to maintain, repair and improve the roads. It is the contention of the defendant in error that since Sections 5527 and 5541 provide expressly that the taxes are for the purpose of providing revenue for maintaining, repairing and improving the public roads, the amendment of such sections in Senate Bill No. 62 repeals by implication Sections 1 and 2 of Senate Bill No. 61.
The rule is well established that repeals by implication *Page 117 
are not favored. The presumption is against an intention to repeal an earlier statute unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption. It is the opinion of this court that in this case such inconsistency and repugnancy exist. The clear statement of the purpose of the taxes in Sections 5527 and 5541, as amended in Senate Bill No. 62, is absolutely incompatible with the provisions of Sections 1 and 2 of Senate Bill No. 61. It is impossible to preserve the purpose as set out in Bill No. 62 and give effect to the provisions of Sections 1 and 2 of Bill No. 61. And since Bill No. 62 is a later enactment and states the purpose in the very act which imposes the taxes, it must prevail over Bill No. 61 which was enacted at an earlier date and which was more general in its nature. Goff v. Gates et al.,Commrs., 87 Ohio St. 142, 100 N.E. 329; State, ex rel.Crabbe, Atty. Genl., v. City of Cleveland, 115 Ohio St. 484,154 N.E. 738.
To give effect to the provisions of Sections 1 and 2 of Bill No. 61 regarding the distribution of the taxes contrary to the express statement of the purpose of the taxes in Bill No. 62, would violate Section 5 of Article XII of the Constitution of Ohio, which states that:
"No tax shall be levied, except in pursuance of law; and every law imposing a tax shall state, distinctly, the object of the same, to which only, it shall be applied."
It is therefore the conclusion of this court that Amended Senate Bill No. 61 is repealed. The judgment of the Court of Appeals will therefore be affirmed.
Judgment affirmed.
WEYGANDT, C.J., JONES, MATTHIAS, BEVIS and ZIMMERMAN, JJ., concur. *Page 118 
STEPHENSON, J., concurs in propositions 1 and 2 of the syllabus and in the judgment, but dissents from proposition 3 of the syllabus.