(No. 37253.

In the Matter of the Estate of Harold Poole, a minor.—(Diroshia Poole, Guardian, Appellant, *vs.* Illinois Public Aid Commission, Appellee.)

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

Arthur S. Gomberg, of Chicago, (Samuel Nineberg, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and Edward A. Berman, Assistant Attorneys General, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

The question presented here is whether a probate court has jurisdiction to subordinate a lien of the Illinois Public Aid Commission so as to allow the payment of a portion of a personal injury settlement to an injured ward's guardian.

The facts are not in dispute. On September 7, 1957, Harold Poole, then 2½ years of age, sustained personal injuries and thereafter received financial assistance from the Illinois Public Aid Commission in a total amount of $2,-680.67. The ward's cause of action arising from such injuries was subsequently settled for the cash sum of $2500, and after payment of costs, medical bills and legal fees, a net amount of $1422.32 remained for distribution. Whereas the Public Aid Commission claimed the entire net amount in reimbursement for assistance previously furnished, Diroshia Poole, the child's mother and legal guardian, petitioned the probate court of Cook County to adjudicate the lien of the Illinois Public Aid Commission "to the sum of $50.00 or such other fair and equitable sum as shall seem reasonable," and to order the cash balance remaining paid to her for the future personal needs of the ward. The court, however, found it had no jurisdiction to adjudicate the lien and ordered the entire net settlement of $1422.32 paid to

the Illinois Public Aid Commission. Since the interest of the State is involved, the guardian has properly prosecuted her appeal directly to this court. *Illinois Public Aid Commission.* v. *Massie,* 13 Ill.2d 498.

Section 8—19 of the Public Assistance Code of 1949 (Ill. Rev. Stat. 1959, chap. 23, par. 819) grants a lien or charge upon all sums received through litigation or voluntary settlement of a personal injury action by a recipient of public assistance for the total amount of assistance provided the recipient from the time of injury to the date of such receipt. The statute also provides that, upon being so petitioned, a court shall "adjudicate the rights of the parties and enforce the charge." It is this latter language which the appellant now contends authorizes the subordination of the Commission's lien in the present case.

A somewhat similar situation was presented in *Hardwick* v. *Munsterman,* 15 Ill.2d 564, wherein the plaintiff sought to have the Commission's lien of $2828 reduced in amount so as to bear its proportionate share of costs and attorney's fees incurred in acquiring a $9000 judgment. In denying this contention, we pointed out that by the furnishing of assistance following the injury, the Public Aid Commission became subrogated to recipient's right of recovery to the extent of assistance furnished and that in the absence of specific statutory authority, the Commission's lien could not be reduced so as to afford the injured recipient a larger net recovery.

We do not construe the authority to adjudicate the rights of the parties as giving a court the prerogative of refusing to enforce a valid lien but, to the contrary, we believe the legislature intended thereby to grant only the power to determine whether the statutory requirements for a lien had in fact been met, and if so, then to enforce the charge in that amount. Since there is no question here but that a valid lien did exist in the first instance, the lower court,

bound as it was by the legislative direction in section 8—19 of the Public Assistance Code, correctly refused to go further and subordinate such lien so as to preserve a portion of the recovery for the injured ward.

Accordingly, the judgment of the probate court of Cook County is affirmed.

*Judgment affirmed.*