# MAURICE ROBERTSON v. CYNTHIA JOHNSON AND OTHERS.
## STEELE COUNTY WELFARE BOARD AND ANOTHER, APPELLANTS.

200 N. W. 2d 316.

July 28, 1972—No. 42990.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, *Judy L. Oakes,* Assistant Attorney General, and *Tibor Gallo,* Special Assistant Attorney General, for appellants.

*Loren M. Barta,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

ROGOSHESKE, JUSTICE.

Intervening plaintiffs, Steele County Welfare Board and State Department of Public Welfare, appeal from an order of the district court surcharging a county welfare board medical assistance lien pursuant to Minn. St. 393.10, subd. 1, with a pro rata share of the attorney's fees incurred in obtaining a personal injury judgment in favor of its medical assistance recipient, Maurice Robertson, respondent herein. We agree with the district court's construction of § 393.10, subd. 1, and affirm its order.

Respondent Robertson was awarded $218,000 damages for personal injuries resulting from an automobile accident. This award was reduced to $88,102 when we reversed the finding of negligence against one of the tortfeasors. Robertson v. Johnson, 291 Minn. 154, 190 N. W. 2d 486 (1971). Included in the award were special damages totaling $37,708.53 for medical services paid for by Steele County on respondent Robertson's behalf as a "needy person" pursuant to Minn. St. c. 256B. Under § 393.10, the county welfare board filed a lien against Robertson's cause of action for the total medical expense shortly after he commenced his suit against the tortfeasors. By virtue of § 481.13 (3), Robertson's attorney had a prior lien for his fees when he commenced the action.[1] Neither the county attorney nor specially retained counsel represented the county at the trial of the case. Following our decision in Robertson v. Johnson, *supra,* the tortfeasors held liable paid $50,393.47 to Robertson as partial satisfaction of the total award. The balance, representing the full amount of the medical lien, was retained pending a judicial determination of whether the medical lien should be charged with a pro rata share of attorney's fees incurred in recovering

---

[1] Minn. St. 481.13 provides in part: "An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

\* \* \* \* \*

"(3) Upon the cause of action from the time of the service of the summons therein \* \* \*."

the $88,102 judgment. Robertson, unwilling to have his attorney's contingent fee assessed against only the balance of his greatly reduced general damage award, applied to the district court to determine the priority of the two liens. The court, after hearing, entered its order charging the county's medical lien with a pro rata share of respondent's attorney's fees and directing that the retained balance of the award be paid to the county in full satisfaction of its lien. The appellants then appealed from the district court's order.[2]

Section 393.10, subd. 1, reads:

"Any county board or any county welfare board which as a part of its public assistance program provides, pays for or becomes liable for medical, surgical or hospital care shall have a lien for the cost of such care upon any and all causes of action accruing to the person to whom such care was furnished, or to the legal representatives of such person, on account of injuries giving rise to such causes of action and which necessitated such medical, surgical or hospital care, subject, however, to any attorney's lien."[3]

The welfare authorities argue that the statute is clear and unam-

---

[2] We deem the order reviewable as of right under Rule 103.03(h), Rules of Civil Appellate Procedure. See, Note, 51 Minn. L. Rev. 115, 135.

[3] Minn. St. 393.10, subd. 2, provides: "Such county board or county welfare board may protect its lien pursuant to sections 514.69, 514.70 and 514.71."

Section 514.71 provides: "No release of such causes of action, or any of them, or of any judgment thereon shall be valid or effectual as against such lien unless such lienholder shall join therein, or execute a release of such lien, and the claimant, or assignee of such lien, may enforce such lien by action against the person, firm, or corporation liable for such damages, which action shall be commenced and tried in the county in which such lien shall be filed, unless ordered removed to another county by the court for cause. If the claimant shall prevail in such action, the court may allow reasonable attorneys' fees and disbursements. Such action shall be commenced within two years after the filing of such lien."

biguous and, applying canons of construction, leads inevitably to the conclusion that the legislature intended, under the facts of this case, that the county welfare board recover the full amount of its medical lien. In attempting to reconcile the language that the medical lien is "subject, however, to any attorney's lien," appellants assert that recovery of the total amount of public medical assistance provided should be reduced only in those instances where the judgment is insufficient to meet both the attorney's lien and the total amount of the medical lien. In such case, it is conceded that the attorney's lien must be given preference and the medical lien must suffer any deficiency. Where the recovery is sufficient, it is claimed, there is no need to invoke a preference and neither lienor need take subject to the other.[4] Respondent, on the contrary, simply contends that

---

[4] Illinois reached a result in accord with appellants' position in interpreting Ill. Rev. Stat. 1963, c. 23, § 819, which read, in part: "The State Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action. * * * The charge shall attach to any verdict, judgment or decree entered and to any money or property entered and to any money or property which may be recovered on account of such claim, demand, cause of action or suit from and after the time of the service of the notice. * * * This section shall not affect the priority of an attorney's lien * * *." See, Estate of Poole v. Illinois Public Aid Comm. 26 Ill. 2d 443, 445, 187 N. E. 2d 231, 232 (1962); Skaggs v. Junis, 28 Ill. 2d 199, 190 N. E. 2d 731 (1963); Hardwick v. Munsterman, 15 Ill. 2d 564, 155 N. E. 2d 638 (1959); Grieves v. Levy, 238 F. Supp. 759, 761 (N. D. Ill. 1965). See, also, Lamonte v. Shapiro, 44 Misc. 2d 643, 254 N. Y. S. 2d 887 (1964). In 1967, however, Illinois repealed c. 23, § 819, and that provision evolved to Ill. Rev. Stat. 1967, c. 23, § 11-22. The new statute contains this language: "The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department, the local governmental unit or county having a charge against the recovery." This language was inserted as a reaction to the earlier decisions under repealed § 819 because of the Illinois Supreme Court's strict view of that provision,

"subject .* * * to any attorney's lien" is clearly a legislative mandate that in all instances the welfare board must bear a pro rata burden of the cost of recovering the judgment.

We view the issue as a problem of statutory construction. Although the statute explicitly intends to give the county a medical lien upon the injured party's cause of action, we do not consider "subject * * * to any attorney's lien" clear language when applied to the facts of this case. We must construe a statute made unclear in its application to ascertain and give effect to the intention of the legislature. Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. 2d 22 (1962); Mankato Citizens Tel. Co. v. Commr. of Taxation, 275 Minn. 107, 145 N. W. 2d 313 (1966). Obviously, § 393.10, subd. 1, is part of the statutory scheme to reduce the tax burden of furnishing medical assistance to needy persons. Where there is no fraud exercised by the pauper in obtaining public assistance, only by express statutory authority can the pauper's assets be reached for reimbursement of such assistance. In re Settlement of Beaulieu, 264 Minn. 406, 119 N. W. 2d 25 (1963). To allow the welfare authorities to recover the full amount of the public assistance furnished without reduction of a pro rata share of the attorney's fees would often reduce the injured party's dollar recovery to nothing in a case where the county furnished no attorney's services to obtain the judgment. The practical result is that the injured party would have to bear out of his general damage recovery the total cost of collection. This not only frustrates the purposes of his right to recover all damages resulting from the tort but may also deprive him of needed funds for his future medical expenses and his maintenance. That result, particularly in a case such as this where the injured party has received serious permanent physical impairment, very likely may reinstate his eligibilty for further public assistance, thus thwarting the statute's intended tax relief.

which often resulted in the entire amount of a recovery beyond the medical lien going to satisfy attorney's fees. See, Ozmon, *New Legislation in the Field of Civil Practice,* 49 Chicago Bar Record 192, 194.

Additionally, the county welfare board is in effect not a primary but a subrogated claimant. It seeks to recover its full claim without sharing any expenses necessarily incurred by the injured party in reducing his personal injury action, of which the county claim is an integral part, to judgment. We know of no procedural impediment which prevents the county from intervening or otherwise participating in the prosecution of the injured party's action to avoid the latter's demand for payment of a pro rata share of his attorney's fees.[5] If, as appellants concede, the judgment is merely sufficient or less than sufficient to cover the medical lien alone, certainly the lien would be reduced by the amount of the attorney's fees. This result is premised not only on the priority of the attorney's lien but also upon equitable principles that the county should not appropriate without cost the fruits of the attorney's efforts. See, Blazek v. North American Life & Cas. Co. 265 Minn. 236, 121 N. W. 2d 339, 99 A. L. R. 2d 445 (1963). In our opinion, this principle of equity applies with equal force when the judgment goes beyond the amount of the county's medical lien.

Since the statute's primary intent of relieving the tax burden is not abdicated and may be promoted if attorney's fees are prorated against the medical lien, and since equity favors proration, we construe "subject * * * to any attorney's lien" to mean that the legislature intended that the county, where it has not participated in seeking recovery from the tortfeasors, must bear the pro rata burden of collecting the medical costs it extends the injured public assistance recipient.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5] See, footnote 3, *supra*.