Gail DIXON, individually and as mother and natural guardian of Erica Dixon, a minor, and LaChaunda Dixon, a minor, Appellant,

v.

Robert JOHNSON, Defendant,

Minnesota Department of Human Services, Respondent.

No. C8–88–1107.

Court of Appeals of Minnesota.

Oct. 11, 1988.

Michael Fargione, Hauer, Lewis & Fargione, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James S. Alexander, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Appeal from district court order allowing the Minnesota Department of Human Services to recover the full amount of its medical assistance lien filed under Minn.Stat. § 256B.042 (Supp.1987).

## FACTS

In 1984, Erica and LaChaunda Dixon, two young children, were poisoned when

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

they swallowed lead paint in their rented apartment. Neither child suffered any permanent injury as a result of the lead poisoning. The Minnesota Department of Human Services paid the children's medical expenses and then filed a lien under Minn. Stat. § 256B.042 for the cost of the medical assistance provided ($4,650).

The Dixon children retained an attorney to pursue an action in negligence against the owner of their apartment building. The retainer agreement provided that he would be entitled to 33% of any recovery he obtained for the children.

He negotiated a $15,000 settlement on behalf of the children with the apartment owner's insurance company. The Department of Human Services was not a party to the settlement negotiations and opposed the settlement as being contrary to Minn. Stat. § 256B.042 (Supp.1987). The settlement provided for the following distribution:

$ 5,000: To attorney (one-third of settlement).

$ 3,100: To Department of Human Services ($4,650 lien minus one-third for attorney fees).

$ 6,900: To fund annuity for injured children ($10,350 general damages minus one-third for attorney fees).

$15,000: Total settlement.

The settlement was then brought before the district court for approval as required by Minn.Stat. § 540.08. The district court ruled that the Department of Human Services is entitled to full reimbursement of their lien without a pro rata reduction for attorney fees. The district court also reduced the attorney fee. The appeal is from the district court's order.

## ISSUES

1. Does Minn.Stat. § 256B.042 (Supp. 1987) require the Minnesota Department of Human Services' lien to be reimbursed in

full without a pro rata deduction for attorney fees?

2. Did the trial court err in reducing appellant's attorney fees below the amount stated in the retainer agreement?

## ANALYSIS

■ 1. Interpretation of Minn.Stat. § 256B.042 (Supp.1987) is a legal question. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.,* 260 N.W.2d 579 (Minn.1977). Accordingly, the district court's ruling as to the proper meaning of that section may be overturned if the district court erroneously construed and applied the law to the facts here presented. *Feil v. Commissioner of Public Safety,* 383 N.W.2d 420 (Minn.Ct.App. 1986).

Minn.Stat. § 256B.042 was adopted by the legislature in 1975. Subdivision 1 provides:

When the state agency provides, pays for or becomes liable for medical care, it shall have a lien for the cost of the care upon any and all causes of action which accrue to the person to whom the care was furnished, or to his legal representatives, as a result of the injuries which necessitated the medical care.

Subdivision 2 goes on to state that "[t]his section shall not affect the priority of any attorney's lien."

In 1972, the supreme court interpreted a statute similar to section 256B.042 in a case which presented similar facts to those at hand. In *Robertson v. Johnson,* 294 Minn. 201, 200 N.W.2d 316 (1972), Robertson received a damage award of $88,102, of which $37,708.53 was for medical services provided by Steele County. Robertson's attorney took his case on a contingency fee basis. Steele County sought to recover its total costs from Robertson's award without having to pay a pro rata share of Robertson's attorney fees. The county had acquired a medical lien on Robertson's recovery pursuant to a statute which stated that the county's lien was "subject * * * to any attorney's lien." The supreme court held:

[S]ince equity favors proration, we construe "subject * * * to any attorney's lien" to mean that the legislature intended that the county, where it has not participated in seeking recovery from the tortfeasors, must bear the pro rata burden of collecting the medical costs it extends the injured public assistance recipient."

*Id.* at 206, 200 N.W.2d at 320.

Like the statute in *Robertson,* Minn.Stat. § 256B.042, subd. 2 ensures the priority of attorney fees over a medical assistance lien. For that reason, appellant contends that we must construe section 256B.042, subd. 2 to require the Department of Human Services to pay its share of attorney fees, just as the supreme court required Steele County to do so in *Robertson.* We do not agree with appellant's contention.

In 1987, subdivision 5 was added to section 256B.042. It provides:

Upon any judgment, award, or settlement of a cause of action, or any part of it, upon which the state agency has filed its lien, including compensation for liquidated, unliquidated, or other damages, reasonable costs of collection, including attorney fees, must be deducted first. The *full amount* of medical assistance paid to or on behalf of the person as a result of the injury must be deducted next, and paid to the state agency. The rest must be paid to the medical assistance recipient or other plaintiff. The plaintiff, however, must receive at least one-third of the net recovery after attorney fees and other collection costs.

(Emphasis added).

Unlike the language "subject to any attorney's lien" in *Robertson,* the language of subdivision 5 is clear and unambiguous and requires no judicial interpretation. The legislature was unequivocal in its mandate that the "full amount" of a state agency's lien be repaid. Therefore, the Minnesota Department of Human Services' lien should be reimbursed in full without a pro rata reduction for attorney fees.

This reading of subdivision 5 comports with the well-recognized rule requiring courts to refrain from interpreting public assistance statutes in a manner contrary to

their plain meaning. *See Molberg v. Marsden*, 294 Minn. 493, 494, 200 N.W.2d 298, 299 (1972) (supreme court refused to assume a legislative intent in plain contradiction to medical assistance lien statute where language of such statute was "clear and unambiguous"); *Application of Gau*, 230 Minn. 235, 238, 41 N.W.2d 444, 448–49 (1950) (court followed plain meaning of old-age assistance lien statute to avoid upsetting legislature's intent); *In re Estate of Peck*, 416 N.W.2d 158, 160–61 (Minn.Ct. App.1987) (where public welfare statute was clear, court was not at liberty to disregard its plain language); *In re Estate of Messerschmidt*, 352 N.W.2d 774, 776 (Minn. Ct.App.1984) ("Where [medical assistance statute] is clear, there is no room for judicial construction."); *Department of Human Services v. Brooks*, 412 N.W.2d 613, 616 (Iowa 1987) (court will not refer to rules of statutory construction where welfare statute is clear on its face); *Coplien v. Department of Health and Social Services*, 119 Wis.2d 52, 55, 349 N.W.2d 92, 95 (Wis.Ct.App.1984) (court "required to apply [medical assistance lien] statute as it was written by the legislature").

2. Appellant next contests the district court's calculation of attorney fees. The district court calculated attorney fees at 25% of the net recovery after payment of the welfare lien. Appellant argues the fee should be recalculated, but not such as to reduce the award first proposed for the children, $6,900.

As stated above, we are bound to follow the plain language of section 256B.042 in distributing the settlement herein involved. Subdivision 5 states that attorney fees must be deducted first from any settlement coming within its terms. Therefore, the district court erred in calculating attorney fees from the net recovery after payment of the welfare lien. The district court should have calculated attorney fees from the children's gross settlement of $15,000.

Unlike the question as to the proper *order* of settlement distribution, subdivision 5 does not expressly answer the question as to the proper *amount* of attorney fees to be awarded for services rendered.

Part I, rule 3 of the Code of Rules for the District Courts requires district courts to determine what expenses, including attorney fees, may be paid from the proceeds of a settlement recovery involving minor children. A trial court's finding as to the reasonableness of an attorney's services is a question of fact and will not be disturbed unless clearly erroneous. *Ryan v. Bigos Properties*, 351 N.W.2d 680 (Minn.Ct.App. 1984).

The district court did not explain the factual basis of its finding that the reasonable value of the attorney's services in this matter was one-fourth. However, the district court was presumably aware of the circumstances of this litigation. Appellant's proposed settlement was brought before the district court for approval. The district court was thus in a good position to discern, from its own knowledge and experience, the value of appellant's services. Also, it seems likely that the district court's reduction in attorney fees was motivated, at least in part, to preserve the recovery of the injured children. This consideration is, of course, proper in determining the reasonableness of attorney fees. *See Jadwin v. Kasal*, 318 N.W.2d 844 (Minn.1982) (factor to be considered in making attorney fees award is result obtained for client).

The district court's decision to reduce the attorney fee award to 25% was not clearly erroneous. It was erroneous not to compute the award based upon the gross settlement of $15,000.

### DECISION

We find that the plain language of Minn.Stat. § 256B.042 (Supp.1987) requires the following distribution of the settlement. First, appellant's attorney fees should be deducted from the settlement. Because the district court valued the services at 25%, the attorney would be entitled to $3,750. However, his fee should not be increased at the expense of the children's share as agreed to in the proposed settlement. Accordingly, the net attorney fee is reduced to $3,450. The full amount of the Minnesota Department of Human Services'

lien should be deducted next without a reduction for attorney fees. The Department is therefore entitled to $4,650. Finally, the balance of $6,900 must be used to fund annuities for Erica and LaChaunda Dixon.

AFFIRMED IN PART AND REVERSED IN PART.