**Danny Darrell HERSHEY, Respondent,**

v.

**PHYSICIANS HEALTH PLAN OF MINNESOTA, INC. d/b/a Medica Choice and Healthcare Recoveries, Inc., Appellant.**

No. CX–92–2568.

Court of Appeals of Minnesota.

April 20, 1993.

Joseph M. Paiement, Steven S. Hoge, Arnold & McDowell, Minneapolis, for respondent.

Kevin P. Hickey, Lewis A. Remele, Jr., Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

HARTEN, Judge.

This is an action for reimbursement of medical expenses brought by a health care provider under the subrogation clause of its health insurance contract. We reverse.

## FACTS

In 1990 respondent Danny Darrell Hershey was injured when his motorcycle was struck by another vehicle. His health insurer, appellant Physicians Health Plan of Minnesota, Inc. (PHP), covered medical expenses of $22,250.13. In April 1991, Hershey settled his claim against the motorist for $104,000. PHP concedes that this amount does not fully compensate Hershey for his injuries. Healthcare Recoveries, a representative of PHP, agreed to accept $18,000 from the motorist's insurer in satisfaction of the medical expenses covered by PHP. A check made jointly payable to Hershey and Healthcare Recoveries was tendered. Hershey has refused to tender the check to PHP.

This declaratory judgment action was initiated to enforce the subrogation and reimbursement provisions of the health benefits contract. The parties made cross-motions for summary judgment on the issue of subrogation and the trial court granted Hershey's motion holding that despite the contract language, the subrogation provision will not be enforced when the insured has not been fully compensated.

## ISSUE

Did the trial court correctly determine that PHP is prevented from recovering pursuant to the contract's subrogation clause until Hershey is fully compensated?

## ANALYSIS

This appeal raises no disputed facts and concerns only "the enforceability of a subrogation provision in a health insurance contract." *Share Health Plan Inc. v. Marcotte*, 495 N.W.2d 1, 3 (Minn.App.1993), *pet. for rev. denied* (Minn. Mar. 30, 1993). This is a question of law which we review de novo. *Id.; see also Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn. 1978).

The disputed contract provision states in relevant part:

1. After PHP provides coverage for *benefits*, PHP has the right to recover any amount which PHP was not responsible for according to this section.

   \*   \*   \*   \*   \*   \*

4. By accepting coverage under the Contract, you agree:

   \*   \*   \*   \*   \*   \*

   ● PHP will be reimbursed from any recovery before payment of any other existing claims, including any claim by you for general damages.

   \*   \*   \*   \*   \*   \*

   ● PHP may collect from the proceeds of any settlement or judgment recovered from you or your legal representative regardless of whether you have been fully compensated.

This contract language plainly provides that PHP may enforce its subrogation rights even if the insured has not been fully compensated. No Minnesota appellate court has yet had occasion to determine the effect of such a health contract provision. Consequently, we approach this issue as one of first impression.

The general rule in Minnesota is that subrogation will be denied prior to the insured's full recovery. *Westendorf v. Stasson*, 330 N.W.2d 699, 703 (Minn.1983). Citing this full recovery rule, Hershey argues that he is entitled to retain the $18,000 tendered for medical expenses since it is undisputed that he has not been fully compensated for his injury. The full recovery rule as articulated by the supreme court is not absolute, however. In *Westendorf*, the supreme court stated

*absent express contract terms to the contrary,* subrogation will not be allowed where the insured's total recovery is less than the insured's actual loss.

*Id.* (emphasis added). Language qualifying the full recovery rule appears three other times in the *Westendorf* opinion. This court has on several occasions expressed the rule as being capable of modification by contract. *See Badger Equip. Co. v. Brennan*, 431 N.W.2d 900, 904 (Minn. App.1988); *Regie de l'assurance Auto. du Quebec v. Jensen*, 389 N.W.2d 537, 539 (Minn.App.1986), *rev'd on other grounds*, 399 N.W.2d 85 (Minn.1987); *Pavel v. Norsemen Motorcycle Club*, 362 N.W.2d 5, 7–8 (Minn.App.1985).

Hershey argues that the language in *Westendorf* qualifying the full recovery rule is dictum. He relies heavily on *Allum v. MedCenter Health Care, Inc.*, 371 N.W.2d 557 (Minn.App.1985) as affirming the inviolability of the general rule. In *Allum* this court declined to enforce a contractual "first priority" clause where the insured was not fully compensated. *Id.* at 561. There, the disputed clause provided that MedCenter's subrogation rights

shall be considered as the first priority claim against any such third party to be paid before any other claims for general damages by [the covered] individual.

*Id.* at 558. We perceive this language as qualitatively different from the language of Hershey's contract with PHP; the latter expressly provides for reimbursement regardless of whether the insured has been fully compensated. Since the *Allum* court did not discuss the qualifying language of *Westendorf* and was not presented with clear contract language abrogating the full recovery rule, we read *Allum* as consistent with the supreme court's holding in *Westendorf*.

Although the controlling effect of the qualifying language in *Westendorf* has been questioned, *see Marcotte*, 495 N.W.2d at 5, we are reluctant to characterize such a distinct expression of law as superfluous. Moreover, we note that a number of other jurisdictions have expressly given effect to

contractual provisions which permit the assertion of subrogation rights prior to full recovery. *See, e.g., Culver v. Insurance Co. of North Am.,* 115 N.J. 451, 559 A.2d 400, 402–03 (1989); *Peterson v. Ohio Farmers Ins. Co.,* 191 N.E.2d 157, 159–60 (Ohio 1963). *But see Powell v. Blue Cross and Blue Shield,* 581 So.2d 772, 773 (Ala. 1990) (no subrogation prior to full compensation).

We are mindful that important equity and policy concerns support the full recovery rule and that the adhesive nature of insurance contracts generally compels courts to be vigilant in safeguarding the rights of insureds. Nonetheless, in *Westendorf* the supreme court flatly stated that the full recovery rule may be modified by contract; we are obliged to follow that unambiguous statement. We accordingly hold enforceable this contract provision which provides for subrogation even when the insured has not been fully compensated.

## DECISION

Because the insurance contract between PHP and Hershey expressly allows reimbursement prior to full recovery, we reverse the trial court and enforce the contract as written.

**Reversed.**