**STATE of Minnesota, DEPARTMENT OF HUMAN SERVICES, Respondent,**

v.

**Pegi BENGSTON, et al., Appellants.**

No. C9–93–532.

Court of Appeals of Minnesota.

Sept. 21, 1993.

Review Denied Nov. 16, 1993.

Hubert H. Humphrey, III, Atty. Gen., William H. Mondale, Asst. Atty. Gen., St. Paul, for respondent.

Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for appellants.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Pegi C. Bengston, Thomas A. Bengston, Michael A. Bengston, and Farm Bureau Insurance Company challenge the district court's ruling that a settlement agreement does not preclude respondent State of Minnesota, Department of Human Services (Department) from recovering on a medical assistance lien, and claim the Minnesota Human Rights Act and the Equal Protection Clause of the Minnesota Constitution preclude application of Minn.Stat. § 256B.042 (1992). We affirm.

## FACTS

Pegi Bengston, an adult, was at her parents' home in March 1984 when she decided to grill pork chops. Unable to find any lighter fluid, she went inside the house to ask her brother and father for suggestions. After a short discussion, Bengston found a can of gasoline, which she used to start the coals. When she returned to check on the progress of the fire, only a few of the coals had started to turn white. Bengston poured more gasoline on the fire, the can exploded, and she was seriously burned.

Through its medical assistance program, the Department disbursed $28,135.92 for Pegi Bengston's medical treatment. In November 1984, the Department filed a medical assistance lien for the money disbursed on Pegi Bengston's behalf. In July 1990, Pegi Bengston negotiated a settlement and release of all claims against her brother and father in exchange for a payment to her of $180,000 from Farm Bureau. The Department, which declined to participate in the settlement negotiations, commenced this action to satisfy its lien out of the $180,000.

## ISSUES

1. Does the settlement agreement preclude the Department from satisfying its medical assistance lien out of the proceeds of the settlement?

2. Does Minn.Stat. § 256B.042 (1992) contravene the Minnesota Human Rights Act or the Equal Protection Clause of the Minnesota Constitution?

## ANALYSIS

### 1. Effect of Settlement Agreement

Statutory interpretation presents questions of law; hence, on review, we need not defer to the district court's construction of Minn.Stat. § 256B.042 (1992). *Dixon v. Johnson*, 430 N.W.2d 253, 255 (Minn.App. 1988). Minn.Stat. § 256B.042 is a remedial statute and should be liberally construed so as to further justice among the parties.

---

1. A medical assistance recipient is guaranteed at least one-third of the net recovery after attorney fees and collection costs. Minn.Stat. § 256B.042, subd. 5. Thus, there may be cases

*State, Dep't of Human Servs. v. Mohs*, 496 N.W.2d 817, 819 (Minn.App.1993), *pet. for rev. denied* (Minn. Apr. 29, 1993). Nevertheless, the statute's plain meaning may not be disregarded. *Dixon*, 430 N.W.2d at 255–56.

■ The Department's failure to participate in negotiations does not preclude it from satisfying its lien out of the resulting settlement. *See id.* at 254–55 (Department entitled to satisfy lien out of settlement although it opposed negotiations). The Department may satisfy its lien out of "any judgment, award, or *settlement* of a cause of action." Minn.Stat. § 256B.042, subd. 5 (emphasis added). Furthermore, a medical assistance recipient's release of a cause of action is ineffective against the Department unless the Department participates in the recipient's release or otherwise executes a release of its own claims. Minn.Stat. § 514.71 (1992); *see also* Minn.Stat. § 256B.042, subd. 2 (Department may bring independent action to enforce its lien by following procedures set out in Minn.Stat. §§ 514.69–.71 (1992)).

Moreover, contrary to the claim of the Bengstons and Farm Bureau, allowing the Department to satisfy its lien out of Pegi Bengston's settlement does not render the statutory lien enforcement provisions superfluous. There may be instances in which a Department lien can be fully satisfied out of a settlement between a medical assistance recipient and the party potentially liable for the injuries creating the need for medical assistance. That is the case here. There may also be instances in which a settlement is not large enough to fully satisfy a Department lien.[1] In those cases, the Department could satisfy its lien by relying on its rights to both attach a portion of the settlement and bring an independent action against a third-party it believes is liable for the injuries to the medical assistance recipient.

■ The Bengstons and Farm Bureau further argue that their settlement is similar to the *Naig* settlements used in workers' com-

---

in which it is advantageous for such a person to settle a claim for an amount less than the Department's lien.

pensation cases.[2] They contend that the Department should be prevented from reaching the settlement proceeds in this case just as an employer would be prevented from reaching the proceeds of a *Naig* settlement. We disagree.

Under some circumstances, settlements of claims by medical assistance recipients are "somewhat analogous" to *Naig* settlements. *Krause v. Merickel*, 344 N.W.2d 398, 403 (Minn.1984). In *Krause*, an injured minor received medical assistance. A settlement was reached with the alleged tortfeasors, a portion of which was allocated by the district court to the minor's father as reimbursement for the father's out-of-pocket expenses and the reasonable value of the post-injury care the father had provided to the minor. The father's allocation was held to be exempt from the Department of Human Services' medical assistance lien to the extent that the allocation was fair and reasonable. *Id.* at 403–04.

The settlement in *Krause* can be distinguished from Pegi Bengston's settlement. In *Krause*, the father was reimbursed for expenses he incurred by providing care to a medical assistance recipient. Here, the settlement proceeds were paid directly to Pegi Bengston, the medical assistance recipient. The Department's lien is "upon any and all causes of action which accrue to the person to whom the care was furnished." Minn. Stat. § 256B.042, subd. 1. Pegi Bengston, unlike the father in *Krause*, is "the person to whom the care was furnished." The Department's lien may be satisfied out of Pegi Bengston's settlement proceeds.

### 2. Minnesota Human Rights Act and Equal Protection

■ The Minnesota Human Rights Act prohibits discrimination in public services on the basis of "status with regard to public assistance." Minn.Stat. § 363.03, subd. 4(1) (1992). " 'Status with regard to public assis-

tance' means the condition of being a recipient of * * * medical assistance." Minn.Stat. § 363.01, subd. 42 (1992). The government's right to distinguish among groups is further limited by the Minnesota Constitution's guarantee of equal protection. Minn. Const. art. 1, § 2. The Bengstons and Farm Bureau argue that persons on medical assistance traditionally faced a potentially smaller recovery than similarly situated injured persons not on medical assistance, due to Minn.Stat. § 256B.042. This, they claim, was impermissible discrimination.

This court recently held that private insurers may enforce contractual subrogation rights prior to full recovery by the insured. *Hershey v. Physicians Health Plan*, 498 N.W.2d 519, 520 (Minn.App.1993). The Bengstons and Farm Bureau concede that their human rights and equal protection arguments fail in the face of *Hershey*, since it is now clear that medical assistance recipients do not necessarily risk a smaller recovery than private insureds. They contend, however, that *Hershey* was wrongly decided. We find no reason to reach that conclusion.[3]

Minn.Stat. § 256B.042 does not conflict with the Minnesota Human Rights Act and is not unconstitutional under the Minnesota Constitution's Equal Protection Clause.

### DECISION

The Department may satisfy its medical assistance lien out of Pegi Bengston's settlement proceeds. Satisfaction of the Department's lien is not barred by the Minnesota Human Rights Act or the Equal Protection Clause of the Minnesota Constitution.

**Affirmed.**

---

2. In a *Naig* settlement, an employer attempting to recover paid-out workers' compensation benefits may not reach portions of a settlement between its employee and a third-party tortfeasor that have been properly allocated as nonrecoverable. *Naig v. Bloomington Sanitation*, 258 N.W.2d 891, 894 (Minn.1977).

3. We offer no opinion as to whether the arguments of the Bengstons and Farm Bureau would fare differently in the absence of *Hershey*.