SUSAN MOLBERG, A MINOR, BY WARREN MOLBERG, HER
FATHER AND NATURAL GUARDIAN, AND ANOTHER v.
THOMAS HENRY MARSDEN.
HENNEPIN COUNTY WELFARE DEPARTMENT,
INTERVENOR.

200 N. W. 2d 298.

July 28, 1972—No. 43342.

*Rischmiller & Wasche* and *Robert Wm. Rischmiller,* for appellants.
*George M. Scott,* County Attorney, and *John K. Harvey,* Assistant
County Attorney, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Gunn, JJ.

PER CURIAM.

Plaintiff, a minor child, received substantial injuries in an accident,
the value of her claim far exceeding available insurance funds and
defendant's potential to pay any such judgment. The trial court ap-
proved a settlement and directed that, after the allowance for attorneys'
fees and costs, the county welfare board be reimbursed for medical
expenses furnished by it. The board's claim exceeds the remaining
funds, but the trial court rejected the contention of plaintiff that the
recovery should be apportioned. We affirm.

The matter was submitted to this court on the following stipulated
facts:

"The Plaintiff Susan Molberg was born August 14, 1956. On December
4, 1970, as a pedestrian, she was struck by an automobile operated by
the Defendant on Highway 12 near its intersection with Florida Avenue

in St. Louis Park, Hennepin County, Minnesota. At that time she was fourteen years of age.

"Susan Molberg sustained extremely serious injuries including the loss of her left leg near the knee, a permanent peroneal nerve injury to the right leg requiring that that leg be in a brace for the rest of her life, serious internal injuries, and severe scarring.

"The liability insurance coverage applicable to this claim carried by the Defendant was in the amount of $25,000. Although the Defendant is employed, he has no significant assets. The liability insurance company agreed to pay its policy limits of $25,000 and the Defendant agreed to pay an additional $2,500 for a total settlement of $27,500.

"The Plaintiff Susan Molberg had no assets. The Plaintiff's father, Warren Molberg, though employed, was unable to respond financially to the medical and hospital costs incurred in treating the Plaintiff Susan Molberg. Hennepin County Welfare, therefore, appropriately provided the financial assistance for these medical and hospital expenses.

"The Court approved the $27,500 settlement based on the funds available and the financial condition of the Defendant.

"Hennepin County Welfare Department, Intervenor, has filed a lien for payment made by it under M. S. A. 393.10. The parties have stipulated that Hennepin County Welfare has paid $28,212.18. The parties have further stipulated that the general damages sustained by the minor Plaintiff is in the amount of $300,000."

Pursuant to Minn. St. 393.10, subd. 1, the county welfare board filed a lien for the medical expenses it had furnished. Section 393.10, subd. 1, provides:

"Any county board or any county welfare board which as a part of its public assistance program provides, pays for or becomes liable for medical, surgical or hospital care shall have a lien for the cost of such care *upon any and all causes of action accruing to the person to whom such care was furnished,* or to the legal representatives of such person, on account of injuries giving rise to such causes of action and which necessitated such medical, surgical or hospital care, subject, however, to any attorney's lien." (Italics supplied.)

The language of that portion of the statute here in question is clear and unambiguous. In such cases, we have held there is no room for construction. Mankato Citizens Tel. Co. v. Commr. of Taxation, 275 Minn. 107, 112, 145 N. W. 2d 313, 317 (1966); Hickok v. Margolis, 221 Minn. 480, 485, 22 N. W. 2d 850, 852 (1946). We have consistently refused

to assume a legislative intent in plain contradiction of words used by the legislature. Skjefstad v. Red Wing Potteries, Inc. 240 Minn. 38, 43, 60 N. W. 2d 1, 4 (1953); Loew v. Hagerle Brothers, 222 Minn. 258, 260, 24 N. W. 2d 278, 279 (1946). The language of the statute clearly creates a lien on all causes of action accruing to a person to whom the services were furnished. The statute does not concern itself with the legal responsibility of the party to whom the services are furnished for the payment of such services. Consequently, we need not discuss the claim of plaintiff that her father was legally obligated to pay these services and that the lien could only attach to his cause of action. We hold that the statutory lien clearly and expressly attaches to the claim of the person to whom the services are furnished, irrespective of his legal liability to pay such claims. Therefore, it follows that the trial court properly rejected the contention of plaintiff that the net amount of her recovery should be apportioned in relation to the medical expenses and general damages.

It is extremely unfortunate, due to the seriousness of the injuries, that there were such limited funds available. Nonetheless, to read into the statute the apportionment request of plaintiff would contradict its clear language. Such a change is properly a matter for the legislature. It should be noted that the Hennepin County Welfare Board as a matter of policy in such cases does allow 10 percent of the award to be given to plaintiff, and the settlement approved by the court in this case did so provide.

We have carefully considered the constitutional questions posed by plaintiff and find no basis for declaring the statute unconstitutional.

It should be noted that recovery on the claim of the Hennepin County Welfare Board for $28,212.18 would have to be reduced by one-third, representing the attorneys' fees incurred in collecting this claim. Robertson v. Johnson, 294 Minn. 201, 200 N. W. 2d 316 (1972).

The order of the trial court approving the settlement and allowing the claim of the Hennepin County Welfare Board is hereby affirmed.