**In re the ESTATE OF Wesley A. MESSERSCHMIDT.**

**No. C3-83-1903.**

Court of Appeals of Minnesota.

July 17, 1984.

Corrine D. Lynch, Asst. Kandiyohi County Atty., Willmar, for appellant.

·Harry Christian, Christian, Spartz & Keogh, LeCenter, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal involves a claim by Kandiyohi County against the estate of Wesley Messerschmidt for reimbursement of medical assistance and funeral expenses paid on behalf of both Wesley Messerschmidt and his wife Hazel. The probate court allowed the appellant's claim for medical assistance paid on behalf of Wesley Messerschmidt, but disallowed all other claims. We affirm denial of claims for expenses paid on behalf of Hazel Messerschmidt, but reverse with respect to Wesley Messerschmidt's funeral expenses.

## FACTS

Wesley and Hazel Messerschmidt received medical assistance benefits from appellant Kandiyohi County beginning in April 1981. Hazel Messerschmidt died in July 1982, leaving no estate. At the time of her death, she and her husband held title as joint tenants to residential property in LeSueur County. By operation of law, upon Hazel's death her share of the property automatically passed to her surviving husband, Wesley.

Wesley Messerschmidt died several months later, in February 1983. In April 1983, after petition and publication of hearing, a personal representative was appointed to handle probate proceedings for Wesley's estate in LeSueur County. The appellant received notification of those proceedings, but first filed claims in Kandiyohi County in May 1983. In July 1983 the appellant refiled the claims in LeSueur County. Claims against the estate of Wesley Messerschmidt were for repayment of medical assistance and funeral expenses. Claims against the estate of Hazel Messerschmidt were for repayment of her medical assistance and funeral expenses.

In September 1983 the appellant changed the claims against the estate of Hazel Messerschmidt to claims against the estate of Wesley Messerschmidt for repayment of medical assistance and funeral expenses received by his wife.

The probate court by order of October 13, 1983 allowed the appellant's claim against the estate of Wesley Messerschmidt for medical assistance, but disallowed all other claims. The county has appealed from that order.

## ISSUES

1. Whether the probate court properly disallowed the claim by Kandiyohi County against the estate of Wesley Messerschmidt for medical assistance paid to his wife.

2. Whether the probate court properly disallowed the claim by Kandiyohi County against the estate of Wesley Messerschmidt for his funeral expenses.

3. Whether the probate court properly disallowed the claim by Kandiyohi County against the estate of Wesley Messerschmidt for repayment of his wife's funeral expenses.

## ANALYSIS

1. *Medical assistance paid to Wesley Messerschmidt's wife.*

Minn.Stat. § 256B.15 governs claims by a county against a decedent's estate for medical assistance previously paid:

If *a person* receives any medical assistance hereunder, on his death, if he is single, or on the death of the person and his surviving spouse, if he is married, and only at a time when he has no surviving child who is under 21 or is blind or totally disabled, the total amount paid for medical assistance rendered for *the person*, after age 65, without interest, shall be filed as a claim against the estate of *the person* in the court having jurisdiction to probate the estate. The claim shall be considered an expense of the last illness of the decedent for the purpose of section 524.3–805 ...

Minn.Stat. § 256B.15 (1982) (emphasis supplied). The above language consistently refers to the estate of a "person," and does not specifically provide for the filing of a claim against the estate of a spouse. The appellant argues, however, that the statute's mention of a "surviving spouse," in conjunction with the statutory duty of a husband to provide for his wife, evidences the legislature's intent to allow claims by a county against a husband's estate for medical assistance paid to his wife.

The object of all statutory construction is to ascertain the intent of the legislature. Minn.Stat. § 645.16 (1982). Where statutory language is clear there is no room for judicial construction. *McCaleb v. Jackson*, 307 Minn. 15, 239 N.W.2d 187 (1976). In ascertaining legislative intent, other statutes concerning the same subject may be looked at. *County of Hennepin v. County of Houston*, 229 Minn. 418, 39 N.W.2d 858 (1949).

One statute which may be examined to ascertain the legislative intent behind Minn.Stat. § 256B.15 is Minn.Stat. § 393.-10, which also provides for reimbursement of medical assistance funds previously paid by the county. Minn.Stat. § 393.10, subd. 1 states:

Any county board or any county welfare board which as a part of its public assistance program provides, pays for or becomes liable for medical, surgical or hos-

pital care shall have a lien for the cost of such care upon any and all causes of action accruing to the person to whom such care was furnished, or to the legal representatives of such person, on account of injuries giving rise to such causes of action and which necessitated such medical, surgical or hospital care, subject, however, to any attorney's lien.

In construing the above language, the Minnesota Supreme Court has stated:

Obviously, § 393.10, subd. 1, is part of the statutory scheme to reduce the tax burden of furnishing medical assistance to needy persons. Where there is no fraud exercised by the pauper in obtaining public assistance, *only by express statutory authority* can the pauper's assets be reached for reimbursement of such assistance.

*Robertson v. Johnson,* 294 Minn. 201, 205, 200 N.W.2d 316, 319 (1972) (emphasis supplied).

█ Minn.Stat. § 256B.15 is also part of this "statutory scheme" and it must be strictly construed to allow recovery by the county only where expressly indicated.

The language of Minn.Stat. § 393.10, subd. 1, above, was the subject of additional discussion in *Molberg v. Marsden,* 294 Minn. 493, 200 N.W.2d 298 (1972). In *Marsden,* it was argued that the county's lien for medical assistance payments should attach only to causes of action accruing to the person legally obligated to pay for the medical expenses, rather than (as the statute expressly stated) those causes of action accruing to the person who actually received the medical treatment. The *Marsden* court strictly construed the statute, concluding that "the statutory lien clearly and expressly attaches to the claim of the person to whom the services are furnished, irrespective of his legal liability to pay such claims." *Id.,* at 495, 200 N.W.2d at 299. The court arrived at this conclusion despite the fact that the limited recovery of the plaintiff would be entirely depleted by the county's lien. The court noted that because the language of the statute was clear, it could not justifiably

construe its language to allow a more equitable result, since "[s]uch a change is properly a matter for the legislature." *Id.,* at 495, 200 N.W.2d at 300.

█ Similarly, in the present instance the language of Minn.Stat. § 256B.15 is clear, and does not concern itself with the liability of an estate for the value of medical assistance paid to a spouse. As in *Marsden,* a change in the language is the responsibility of the legislature.

In at least two other similar statutes the Minnesota Legislature has expressly indicated its intent that an estate be liable for assistance paid to a spouse. In Minn.Stat. § 256D.16, concerning general assistance, the legislature provides:

On the death of any person who received any general assistance under sections 256D.01 to 256D.21, or on the death of a survivor of a married couple, either or both of whom received general assistance, the total amount paid as general assistance to either or both, without interest, shall be allowed as a claim against the estate of such person or persons by the court having jurisdiction to probate the estate.

Similarly, Minn.Stat. § 256.25, concerning old age assistance, provides in relevant part:

On the death of any person who received any old age assistance under this or any previous old age assistance law of this state, or on the death of the survivor of a married couple, either or both of whom received old age assistance, the total amount paid as old age assistance to either or both, without interest, shall be allowed as a claim against the estate of such person or persons by the court having jurisdiction to probate the estate.

Both of the above statutes specifically refer to a claim for assistance paid to "either or both." In sharp contrast, as noted above, Minn.Stat. § 256B.15, at issue in this case, refers only to claims against "the estate of a person" for medical assistance rendered to "the person."

Finally, the appellant argues that under common law and statutory[1] duties of a husband to provide for his wife's necessities, the estate of Wesley Messerschmidt is liable to the county for medical assistance benefits which were paid to his wife. Under the common law, however, authorities furnishing relief cannot recover payments from a poor person or his estate. *County of Brown v. Penkert,* 164 Minn. 55, 204 N.W. 469 (1925). In addition, medical assistance is a creature of legislation and recovery of payments from an estate must depend upon express statutory authority.

We recognize that the above analysis requires a result which is somewhat harsh. We particularly question whether the legislature actually intended that a county be allowed to recover from a decedent's estate old age and general assistance payments on behalf of a spouse, while not allowing the same recovery for medical assistance payments. Nonetheless, this court may not "assume a legislative intent in plain contradiction of words used by the legislature." *Molberg v. Marsden,* 294 Minn. 493, 495, 200 N.W.2d 298, 299 (1972).

2. *Funeral expenses of Wesley Messerschmidt.*

In its claim against the estate of Wesley Messerschmidt, the appellant seeks recovery of funeral expenses paid on his behalf. Recovery by the county for expenses of a poor person's burial is authorized by Minn. Stat. § 261.04, which states in subdivision 1:

When any person is furnished or provided with * * * burial as a poor person the county so furnishing such aid shall have a claim therefor against the person or his estate for the reasonable value thereof, which claim may be presented and prosecuted by such county at its option upon discovery of any property belonging to the poor person or to his estate.

The trial court disallowed the appellant's claim under the above statute against the estate of Wesley Messerschmidt for his burial expenses. Although no memorandum is attached to the trial court's order, it must be assumed that appellant's claim was denied due to respondent's argument that the claim was untimely filed.

■■■ Minn.Stat. § 524.3–803(b)(2) bars claims against a decedent's estate which arise at or after the death of the decedent and which are not presented within four months after they arise. The respondent, relying upon this provision, argues that the appellant did not file a timely claim. However, all evidence supports a conclusion that the county's claim in this instance was filed within four months after it arose. Notice of the probate proceedings was dated March 14, 1983. The appellant filed its claim in LeSueur County for funeral expenses against the estate of Wesley Messerschmidt on July 14, 1983. Since "month" is defined as "calendar month" (Minn.Stat. § 645.44, subd. 13), the four months limitation period would run from March 14 to July 14. Further, when computing the four months period of time the first day of the period must be excluded and the last day of the period must be included. *See* Minn.Stat. § 645.14; § 645.-15. *See also* Rule 6.01, Minn.R.Civ.P. (Minn.Stat. § 524.1–304 provides that the rules of civil procedure govern probate proceedings unless inconsistent with the provisions of Chapter 524 or 525.)

Therefore, when the above rules are applied in the present instance, it must be concluded that the claim for funeral expenses was timely.

3. *Claim against estate of Wesley Messerschmidt for his wife's funeral expenses.*

■■■ Whether the probate court's disallowance of this claim by the county should be upheld requires analysis of the factors and considerations which have already been noted in section 1 of this opinion. Minn. Stat. § 261.04 states:

Subdivision 1. When *any person* is furnished or provided with support, maintenance, care, including care at the University of Minnesota hospitals, or burial as a

---

**1.** *See* Minn.Stat. § 519.05.

poor person the county so furnishing such aid shall have a claim therefor against *the person or his estate* for the reasonable value thereof, which claim may be presented and prosecuted by such county at its option upon discovery of any property belonging to *the poor person or to his estate.*

Minn.Stat. § 261.04 (1982) (emphasis supplied). Again, no provision is made in the statute for a claim by a county against an estate for a spouse's burial expenses, and this court will not supply that which the legislature has omitted.

■ In addition, as the parties assert, there is an issue here whether this claim is barred by the applicable four month period of limitations contained in Minn.Stat. § 524.3–803(b)(2). The appellant county's claim was originally filed as a claim against Wesley Messerschmidt's wife's estate, and was later "amended" in September 1983—after the claim would have expired under the limitations period—to state a claim against the estate of Wesley Messerschmidt. Appellant argues that the amended claim should "relate back" to the time the original claim was filed (July 14, 1983—within the limitations period) under Rule 15, Minn.R.Civ.P. The estate of Wesley A. Messerschmidt could not be affected by amending claims filed in another proceeding. Further, the proposed amendment was not approved as required by Rule 15, either "by leave of court or by written consent of the adverse party."

## DECISION

The probate court correctly disallowed claims against the decedent's estate for medical assistance and funeral expenses paid on behalf of his spouse, where those claims were not expressly authorized by statute. However, the probate court improperly disallowed appellant's claim against the decedent's estate for funeral expenses paid on his behalf where that claim was filed within the applicable time limitation.

Affirmed in part and reversed in part.