### In re ESTATE OF Marie M. O'KEEFE, Deceased.

### No. C4–84–530.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Thomas J. Davern, Ardery & Davern, Golden Valley, for appellant; John D. Hagen, Jr., Minneapolis.

Thomas L. Johnson, Hennepin County Atty., Robert W. Gyurci, Asst. Henn. County Atty., Minneapolis, for Hennepin County.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

PARKER, Judge.

This is an appeal from an order allowing a claim of Hennepin County against the estate of Marie O'Keefe for the value of medical assistance benefits in the amount of $58,445.27, to be assessed in full against the decedent's homestead. Marie O'Keefe died testate on April 1, 1983. Hennepin County filed a claim against her estate, which was disallowed by the personal representative of the estate, her son, Myron O'Keefe. Hennepin County then petitioned for a hearing on its claim. The question was submitted in letters, memoranda and affidavits. The court granted the County's claim in full and allowed the assessment against the homestead. The personal representative appeals this order. We affirm.

## ISSUE

Is a decedent's homestead exempt from a claim for medical assistance benefits received before the effective date of the elimination of the exemption if decedent died after that date?

## FACTS

Marie M. O'Keefe broke a femur and was hospitalized in 1979. After being discharged she entered a nursing home, where she resided continuously until her death on April 1, 1983. Marie O'Keefe and her husband owned a home in Minneapolis which was occupied by Mr. O'Keefe and their son, Myron, while Marie was in the nursing home. When Mr. O'Keefe died in 1980 their son continued to occupy the home.

During Mrs. O'Keefe's illness she applied for and received medical assistance benefits totaling $58,445.27 for medical care rendered between December 1, 1979, and April 1, 1983. When O'Keefe applied for the benefits, homestead property in estates was not subject to assessment for medical benefits paid. However, since her application, the law was amended to eliminate the exemption.

Hennepin County filed its claim against the O'Keefe estate for $58,445.27. The district court found that the claim was totally collectible against the decedent's homestead. The personal representative contends that this constitutes an impermissible retroactive application of the statute eliminating the homestead exemption.

## DISCUSSION

■ We hold that the trial court properly applied Minn.Stat. § 525.145(3) (1982) in granting Hennepin County's claim for the value of medical assistance benefits provided in the amount of $58,445.27 to be assessed in full against the decedent's homestead.

On March 23, 1982, Minn.Stat. § 525.-145(3) (1982) was amended to subject a decedent's homestead to claims filed pursuant to Minn.Stat. § 256B.15 for medical assistance benefits. The statute was revised as follows:

Where the homestead passes by descent or will to the spouse or children or issue of deceased children, it shall be exempt from all debts which were not valid charges thereon at the time of decedent's death; *except that the homestead shall be subject to a claim filed pursuant to section 256B.15 for medical assistance benefits.*

1982 Minn.Laws, ch. 621, sec. 3(3) (emphasis indicates amendment).

According to Section 4 of this amendment, it was to be "effective for the estates of decedents dying after August 1, 1982." Eight days later, on March 31, 1982, it was amended again to add claims for State hospital care under Section 246.53. 1982 Minn.Laws, ch. 641, sec. 20(3). The two amendments were merged, and Minn.Stat. § 525.-145(3) now reads:

Where the homestead passes by descent or will to the spouse or children or issue of deceased children, it shall be exempt from all debts which were not valid charges thereon at the time of decedent's death; except that the homestead shall be subject to a claim filed pursuant to section 246.53 for state hospital care or 256B.15.

The latter amendment was " * * * effective the day following final enactment," which was April 1, 1982. 1982 Minn.Laws, ch. 641, sec. 21.

Appellant contends that the effective date of the statute as to claims for medical assistance was August 1, 1982, not April 1, 1982. We agree with the County that the effective date is April 1, 1982, according to Minn.Stat. § 645.26, subd. 3 (1980), which provides:

When the provisions of two or more laws passed during the same session of the legislature are irreconcilable, the law latest in date of final enactment * * * shall prevail * * *.

The thrust of appellant's argument is that to allow the claim against the O'Keefe homestead would make Minn.Stat. § 525.-145(3), as amended, "a retroactive application of statute" which was not intended by the legislature and is unconstitutional. Appellant further contends that the claim should be barred on grounds of promissory estoppel.

■ Minn.Stat. § 525.145(3), as amended by Chapters 621 and 641, is not a retroactive law. The amended versions state that

homesteads shall be subject to claims for medical assistance filed under Minn.Stat. § 256B.15. Minn.Stat. § 256B.15 requires that a claim for medical assistance shall be filed against the estate for assistance given after age 65 on death of the recipient. There is no provision for a claim for medical assistance paid prior to the recipient's death against the recipient herself or her property. While there is a potential claim prior to death, Hennepin County legally had no claim until Marie O'Keefe died.

At the time of Marie O'Keefe's death on April 1, 1983, Hennepin County's claim arose under § 256B.15. At the time of her death § 525.145(3), as amended, was in effect and had been since April 1, 1982. That amendment increased the pool of assets from which medical assistance could be recovered to include the homestead from and after April 1, 1982. There was nothing retroactive either in the claim or in the availability of the homestead asset.

The amendment to Minn.Stat. § 525.145(3) dealt only with the change in status of the exempt nature of the asset as of August 1, 1982, and then April 1, 1982. The statute does not speak to *when* the claimable medical assistance amounts had been incurred or paid out. The County claims that to argue that such an amendment is "retroactive" is to say that imposition of an estate tax on decedents dying after April 1, 1982, could not be applied to assets earned or acquired by a decedent prior to that date. That sort of statute, as does the instant one, obviously has a retroactive effect, but no one would seriously contend that it could not be applied to taxable assets earned or acquired prior to the effective date of the estate tax law.

■ If the 1982 amendments to § 525.145(3) were considered to have a retroactive effect, the legislative intent is clear and manifest from a reading of that amendment, that homesteads are to be subject to a claim for all amounts paid for medical assistance no matter when paid out. Thus, even if we conclude that this statutory amendment is retroactive, it complies with Minn.Stat. § 645.21.

Chapter 621 expressly provides that deletion of the homestead exemption is "effective as to estates of decedents dying after August 1, 1982." Medical assistance claims filed in decedents' estates after that date must, by necessity, include amounts paid prior to that date. To adopt the interpretation urged by appellant would render the amendment a nullity for many years after its express effective date.

■ When the statutory exemption was removed, no vested right of the heirs of Marie O'Keefe was impaired. The heirs of Marie O'Keefe had merely an expectancy, for no one is an heir of the living. *McFadden v. McNorton*, 193 Va. 455, 69 S.E.2d 445 (1952). "The immunity from debts that inures to the heirs is appended only to such property as the heirs acquire a right of ownership in at the death of the ancestor." *Hinson v. Booth*, 39 Fla. 333, 22 So. 687, 691 (1897).

In a similar case, *In the Matter of the Estate of Edith E. Spencer*, file # 14706, Hennepin County, the probate court cogently addressed this issue:

> Exemption from creditors' claims, moreover, is a privilege and not a vested right but one the validity of which is to be determined, in most instances, by the conditions which exist at the time the privilege is claimed. *Wyoming County Bank and Trust Co. v. Kiley*, 75 A.[D.]2d 477, 430 N.Y.S.2d 900, 902 (1980). *See also Chandler v. Horne, et al.*, [23 Ohio App. 1] 154 N.E. 738 [748] (Ohio App.1926). Elsewhere the homestead exemption has been held a statutory privilege and not a vested right that cannot be impaired by legislation after it has been acquired. *In re Ragan's Estate*, [237 Iowa 619], 23 N.W.2d 521 (1946). *See also United States v. Morgan*, 554 F.Supp. 582 (D.C.Colo.1982), and *Walkup v. Covington*, [173 Tenn. 7], 114 S.W.2d 45, 46 (Tenn.1938). Even if the homestead statute does produce vested rights they are determined as of the date of the death of the owner. *Hicks v. Huggins*, 405 So.2d 1324 (Ala.[Civ.]Cts.

App.1981), Widow entitled to homestead available under statute in force at date of husband's death but repealed before she claimed it.

Enforcement of the total value of the claim against the real estate is not retroactive legislation. Generally: 'A vested right is more than a mere expectation based upon an anticipated continuance of existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property. If an existing law changes by amendment or repeal prior to the vesting of a right no cause to object arises. A statute is not retroactive merely because it relates to antecedent facts for its operation. *Griffin v. City of North Chicago*, 112 Ill.App.3d 901 [68 Ill.Dec. 183], 445 N.E.2d 827 (1983) (citations omitted).

Support for the foregoing analysis is found in a decision of the Minnesota Supreme Court dealing with statutory repeal of the defense of usury as applied to certain transactions. Our court applied the repeal to transactions taking place prior to the change, finding the borrower had no vested right to the defense. *See United Realty Trust v. Property Development and Research Company*, 269 N.W.2d 737 (Minn.1978).

Appellant argues that a retroactive reading of the statute impairs the obligation of contract. The facts of this case do not lend themselves to such an analysis because there was no obligation of contract between the County and Marie O'Keefe.

Appellant further argues that, if read retroactively, the statute takes property without due process of law. The due process analysis generally is expressed in terms of whether a "vested right" has been affected. *See e.g.* Sutherland, *Statutory Construction*, §§ 41.05 and 41.06 (1973).

█ Appellant's final contention is that the County should be estopped from asserting its claim against the estate because of alleged representations made by a Hennepin County attorney to O'Keefe's attorney about the status of the law in 1980.

We agree with the County that the factual situation of the O'Keefe family and the casual oral opinion of the current status of the law made to the attorney the O'Keefes retained does not constitute promissory estoppel.

## DECISION

We affirm the probate court's holding that Hennepin County's claim for medical assistance benefits paid on behalf of decedent is allowable in the full amount of $58,445.27 pursuant to Minn.Stat. § 256B.15 as an expense of last illness and was properly assessed in full against decedent's homestead.