In re ESTATE OF Ruth N. HANSON, a/k/a Ruth Naomi Hanson.

No. C7–89–1271.

Court of Appeals of Minnesota.

Feb. 20, 1990.

Raymond F. Schmitz, Olmsted County Atty., Janet L. Mahle, Asst. Olmsted County Atty., Rochester, for appellant Dept. of Human Services.

Roger E. Petersen, Petersen & Orwoll, Rochester, for respondent Personal Representative.

Considered and decided by NORTON, P.J., and HUSPENI and STONE,* JJ.

## OPINION

HUSPENI, Judge.

Appellant State Department of Human Services maintains that the trial court erred in denying its claim against decedent's estate for medical benefits rendered to decedent's predeceased spouse where the predeceased spouse had expired prior to the amendment of the relevant statute but decedent expired after that date. We affirm.

## FACTS

According to the parties' agreed statement of the record:

From June 1986 until John Hanson's death on November 27, 1986, medical assistance in the amount of $10,836.97 was expended by [appellant] for his care. Upon Mr. Hanson's death, there were no assets to probate and the jointly owned homestead passed by operation of law to his wife, Ruth N. Hanson. [The relevant medical claims statute was amended effective August 1, 1987 to allow the Department to seek reimbursement for benefits paid by the Department from the estate of the recipient's spouse.] Mrs. Hanson died December 9, 1988, and the homestead is virtually the only asset in the subject estate. [Appellant] filed claims against the estate for the medical

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

assistance of $10,836.97 provided to John Hanson, and the $7,769.15 provided to Ruth N. Hanson. The estate has allowed the claim for medical assistance provided to Ruth N. Hanson, but has disallowed the claim for medical assistance provided to John Hanson.

## ISSUE

May the State Department of Human Services recover from an estate the medical assistance payments made on behalf of a decedent's predeceased spouse where the spouse had died prior to the effective date of Minn.Stat. § 256B.15 (Supp.1987) but the decedent died after that date?

## ANALYSIS

Prior to its 1987 amendment, Minn.Stat. § 256B.15 stated:

If a person receives any medical assistance [under chapter 256B regarding medical assistance for needy persons], on the person's death, if single, or on the death of the person and the surviving spouse, if married, and only when there is no surviving child who is under 21 or is blind or totally disabled, the total amount paid for medical assistance rendered for the person, after age 65, without interest, shall be filed as a claim against the estate of the person in the court having jurisdiction to probate the estate.

See Minn.Stat. § 256B.15 (1982; 1986). Interpreting this statute, *Estate of Messerschmidt*, 352 N.W.2d 774, 776 (Minn.Ct. App.1984) observed:

The above language consistently refers to the estate of a "person," and does not specifically provide for the filing of a claim against the estate of a spouse.

*Messerschmidt* also stated that because section 256B.15 was a part of a "statutory scheme" to recover public funds, "it must be strictly construed to allow recovery by the county only where expressly indicated." *Id.*, 352 N.W.2d at 777. It then ruled that

the language of Minn.Stat. § 256B.15 is clear, and does not concern itself with

the liability of an estate for the value of medical assistance paid to a spouse

*id.*, and affirmed the probate court's disallowance of the Department's claim.

In 1987, section 256B.15 was amended to read:

If a person receives any medical assistance hereunder, on the person's death, if single, or on the death of the survivor of a married couple, either or both of whom received medical assistance, and only when there is no surviving child who is under 21 or is blind or totally disabled, the total amount paid for medical assistance rendered for the person and spouse, after age 65, without interest, shall be filed as a claim against the estate of the person or the estate of the surviving spouse in the court having jurisdiction to probate the estate.

Minn.Stat. § 256B.15 (Supp.1987).

Generally "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1988). Appellant, relying on *Messerschmidt* and *In re Estate of O'Keefe*, 354 N.W.2d 531 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985), argues that because of the statute's amendment, allowing the claim against decedent's estate for the medical assistance rendered to decedent's husband would not be an improper retroactive application of the amended statute. We disagree.

In *O'Keefe*, Marie O'Keefe was hospitalized in 1979 when homestead property in the estates of medical benefit recipients was not subject to claims by the state to recover the benefits paid. On April 1, 1982, the relevant statute was amended and homestead property became subject to such claims. *See* 1982 Minn.Laws, ch. 621, §§ 3(3), 4; 1982 Minn.Laws, ch. 641, § 20(3); Minn.Stat. § 645.26, subd. 3 (1980). O'Keefe died a year later. This court affirmed the probate court's allowance of a claim against the homestead property for the benefits O'Keefe received, including those received prior to the statute's amendment. We stated that the amendment allowing recovery of previously paid benefits

from homesteads "[was] not a retroactive law," *O'Keefe*, 354 N.W.2d at 533.

[The amendment] increased the pool of assets from which medical assistance could be recovered to include the homestead from and after April 1, 1982. There was nothing retroactive either in the claim or in the availability of the homestead asset.

*Id.* at 534. Alternatively, assuming the amended statute to be retroactive in effect, we noted that allowing the claim would still be appropriate because

the legislative intent is clear and manifest from a reading of that amendment, that homesteads are to be subject to a claim for all amounts paid for medical assistance no matter when paid out. * * * [The amendment] expressly provides that deletion of the homestead exemption is "effective as to estates of decedents dying after August 1, 1982." Medical assistance claims filed in decedents' estates after that date must, by necessity, include amounts paid prior to that date.

*Id.*

While *O'Keefe* is instructive in this case, we do not find it to be determinative. More closely analogous to this case is *In re Estate of Edhlund*, 444 N.W.2d 861 (Minn. Ct.App.1989), in which Arthur Edhlund had all of his property in joint tenancy with his wife, received medical assistance, and died prior to the 1987 amendment of Minn.Stat. § 256B.15. Arthur Edhlund's wife died after the amendment's effective date. The Department filed a claim against the wife's estate for medical benefits paid on behalf of Arthur Edhlund. This court reversed the trial court's allowance of the claim and ruled that such allowance amounted to an impermissibly retroactive application of the statute.

The *Edhlund* facts are similar to those of the instant case and the statute and amendment at issue in *Edhlund* are the same as those contested here. Regarding application of that amended statute, *Edhlund* states:

*O'Keefe* makes clear that the determinative date for application of the retroac-

tive standard is the *death* of the recipient of the aid. In this case, the recipient Arthur died prior to the passage of the amendment. * * * *At [Arthur's] death the state lost all right to recover for aid paid to him* * * *. Had a statute allowing claims against the estate of a spouse been passed before his death, the state would have had the right to recover from the spousal estate. There was no such law and *the ability to collect for medical assistance paid to Arthur ceased at his death.*

*Edhlund,* 444 N.W.2d at 863. *Edhlund* also relied on *Messerschmidt* ("Under [*Messerschmidt*], the ability to recover ended with [the recipient's] death"). *Id.*

In the instant case, as in *Edhlund,* the spouse who received benefits died prior to the amendment of Minn.Stat. § 256B.15. Application of the amended version of that statute in this case would be as impermissibly retroactive as it would have been in *Edhlund.*

In attempting to persuade this court that *O'Keefe* is more applicable to the facts of this case than *Edhlund,* appellant argues:

> [Mrs. Hanson's] continued receipt of medical assistance after the effective date of amendment constitutes acceptance or acquiescence of the terms of said amendment for the continuance of medical assistance benefits which was not present in *Edhlund.*

We recognize that the *Edhlund* court observed that Mrs. O'Keefe's continued receipt of medical assistance benefits after the statutory amendment could give "rise to an argument that [she] accepted [the amendment] in order to continue the medical assistance." *Edhlund,* 444 N.W.2d at 863. However, the decision in *Edhlund* did not rest on that dictum. We feel compelled to follow the holding of that case.

Finally, our adoption of appellant's rationale in distinguishing *Edhlund* from the instant case would create an inconsistency with the principles of statutory interpretation. Under Minn.Stat. § 645.21 (1988) "No law shall be construed to be retroactive unless clearly and manifestly so intended by the *legislature*" (emphasis added). Under appellant's method of distinguishing *Edhlund* from this case, the determination of whether such a retroactive application is appropriate would depend not on the manifest intent of the legislature, but on the actions of benefit recipients.

## DECISION

*In re Estate of O'Keefe* is both factually and legally distinguishable from the instant case. Further, because application of the 1987 amendment to Minn.Stat. § 256B.15 to this case would be retroactive and in conflict with *In re Estate of Edhlund* and because, by itself, a deceased's receipt of benefits after amendment of that statute is not sufficient to justify its otherwise inappropriate application, we affirm the trial court's disallowance of the State Department of Human Services' claim against the estate for the benefits paid decedent's predeceased spouse.

Affirmed.