In re ESTATE OF Alice
I. JOBE, Deceased.

No. C4–98–1851.

Court of Appeals of Minnesota.

March 23, 1999.

Review Denied May 26, 1999.

Nathan L. Seeger and Penn C. Brandborg, Fergus Falls, for appellant estate.

Robert L. Russell III, Svingen, Athens, Russell & Hagstrom, P.L.L.P., Fergus Falls, for respondent Ottertail County.

Mark S. Stolpman, Fergus Falls, MN (for respondent Francis Jobe)

Considered and decided by SHORT, Presiding Judge, TOUSSAINT, Chief Judge, and HUSPENI, * Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

The estate of Alice Jobe appeals from the district court's determination that respon-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

dent Ottertail County Department of Social Services (the county) is entitled to reimbursement of medical assistance benefits received by her husband Amos Jobe, who predeceased Alice Jobe. The district court concluded that state law permits recovery of medical assistance provided to a predeceased spouse from assets that were marital or jointly owned at any time during the marriage, that compliance with both state and federal law is possible, and that federal law does not preempt state law on this issue. *See* 42 U.S.C. § 1396p (1994); Minn. Stat. § 256B.15 (1998). We agree and affirm.

## FACTS

In 1974, Amos and Alice Jobe acquired their 120–acre homestead and placed it in joint tenancy. In December 1993, Amos Jobe entered a nursing home and began receiving medical assistance. He died on September 7, 1995.

Alice Jobe, who never received medical assistance, died on June 24, 1996. The homestead, valued at approximately $35,000, is the only asset in her estate.

On June 8, 1998, the county filed a claim against Alice Jobe's estate. The county sought reimbursement for $67,767.60 in medical assistance benefits provided to Amos Jobe before his death. The district court directed the estate to allow the claim, and this appeal followed.

## ISSUE

Did the district court err in determining that state law is consistent with federal law and allows the county to seek reimbursement for medical assistance benefits received by a predeceased spouse from assets that were jointly held by the couple and are now part of the surviving spouse's estate?

1. Prior to 1987, this statute referred only to the estate of a "person" and did not specifically provide for the filing of a claim against the estate of a surviving spouse. *See* Minn.Stat. § 256B.15 (1982). Thus, under the prior version of this statute, a county could not file a claim against a surviving spouse's estate for medical assistance furnished to a predeceased spouse. *In re Estate*

## ANALYSIS

■ This court conducts a de novo review of a district court's decision construing federal and state statutes. *See Dullard v. Minnesota Dep't of Human Servs.*, 529 N.W.2d 438, 442 (Minn.App.1995). The object of all statutory interpretation and construction is to ascertain the intent of the legislature. Minn.Stat. § 645.16 (1998). When statutory language is clear and free from ambiguity, there is no room for judicial construction. *Id.; see also In re Estate of Messerschmidt*, 352 N.W.2d 774, 777 (Minn. App.1984) (statutes providing for reimbursement of medical assistance funds from estate strictly construed to allow recovery by county only when expressly indicated).

■ The county's claim is authorized by state law, which provides in pertinent part:

Subd. 1a. **Estates subject to claims.** If a person receives any medical assistance hereunder, on the person's death * * * or on the death of the survivor of a married couple, either or both of whom received medical assistance, the total amount paid for medical assistance rendered for the person and spouse shall be filed as a claim against the estate of the person or the estate of the surviving spouse in the court having jurisdiction to probate the estate. * * *

Subd. 2. **Limitations on claims.** * * * A claim against the estate of a surviving spouse who did not receive medical assistance, for medical assistance rendered for the predeceased spouse, is limited to the value of the assets of the estate that were marital property or jointly owned property at any time during the marriage.

Minn.Stat. § 256B.15 (1998) [1].

■ The estate argues that this statute is invalid because it conflicts with federal law: A three-part analysis determines whether a federal statute preempts operation of a state

*of Messerschmidt*, 352 N.W.2d 774, 777 (Minn. App.1984) ("change in the language of [section 256B.15] is the [legislature's] responsibility"). In response to *Messerschmidt*, the legislature amended section 256B.15 to allow claims against a surviving spouse's estate for the value of property jointly owned during a marriage. *See* 1987 Minn. Laws ch. 403, art. 2, § 82.

statute: (1) compliance with the federal and state provisions is physically impossible; (2) preemption is express and unequivocal in language of the federal statute; and (3) congressional preemptive intent is implicit in the overall scheme of federal and state regulation. *Highland Chateau, Inc. v. Minnesota Dep't of Pub. Welfare*, 356 N.W.2d 804, 809–10 (Minn.App.1984). Arguably, the latter two requirements are met here: once a state decides to participate in the medical assistance program, its plan must comply "with the provisions of section 1396p * * * with respect to * * * recoveries of medical assistance correctly paid[.]" 42 U.S.C. § 1396(a)(18) (1994); *In re Estate of Atkinson*, 564 N.W.2d 209, 210 (Minn.1997). Thus, we must determine whether compliance with federal and state law is physically impossible.

Since 1993, federal law has provided in pertinent part:

(1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the state plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:

* * *

(B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for the medical assistance consisting of

(i) nursing facility services, home and community-based services, and related hospital and prescription drug services.

* * *

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any * * *

* * *

(4) For purposes of this subsection, the term "estate" with respect to a deceased individual

(A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and

(B) may include, at the option of the State * * * any other real and personal property and other assets to which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy-in-common, survivorship, life estate, living trust, or other arrangement.

42 U.S.C. § 1396p(b) (1994) (amended by Pub.L. No. 103–66, 107 Stat. 627–28).

Prior to 1993, this federal statute did not include a definition of "estate." Thus, when interpreting the pre–1993 version of section 1396p, courts followed state probate law, which generally excludes interests in a decedent's property that were formerly held in joint tenancy. *See Citizens Action League v. Kizer*, 887 F.2d 1003, 1006–08 (9th Cir.1989) (California statute allowing recoupment of medical assistance benefits from surviving joint tenants impermissibly broad and inconsistent with federal law).

The current version of section 1396p, however, expressly grants states the "option" to define an individual's estate to include "other" assets in which a decedent held "any legal title or interest at the time of death," including "assets conveyed * * * through joint tenancy * * * or other arrangement." 42 U.S.C. § 1396p(b)(4)(B). This language clearly and unambiguously authorizes a state to define an individual's estate to include non-probate assets, such as those conveyed to a survivor spouse through joint tenancy.

In reaching this broad interpretation of section 1396p, we are persuaded by a recent opinion from another state court, *In re Estate of Thompson*, 586 N.W.2d 847, 850–51 (N.D.1998). In *Thompson*, the North Dakota Supreme Court concluded that by amending section 1396p, Congress intended to broaden states' estate recovery programs and allow states to trace assets of medical assistance recipients and recover benefits paid when recipient's surviving spouse dies. *See also Bucholtz v. Belshe*, 114 F.3d 923, 925 (9th Cir.1997) (court recognized that section 1396p(b) now "draws the salient distinction

between the estate for probate law purposes and other forms of receiving title at death," and that 1993 amendment "was not simply a clarification of prior Congressional intent; it was a directive for the future"). As in this case, the surviving spouse's estate in *Thompson* consisted solely of assets acquired from the predeceased spouse through joint tenancy or other arrangement. *Thompson* 586 N.W.2d at 850 n. 2.

The estate nevertheless argues that state law, as set out in Minn.Stat. § 256B.15, goes beyond the authority granted states by section 1396p because state law allows recovery from the "estate of a surviving spouse" and allows recovery from assets owned by a spouse "at any time during the marriage." We disagree. Acceptance of the estate's position and its narrow interpretation of section 1396p would render portions of the federal statute meaningless, particularly the phrase "conveyed to a survivor * * * through joint tenancy." 42 U.S.C. § 1396p(b)(4)(B). A goal of any statutory interpretation is to avoid rendering portions of a statute superfluous. *U.S. ex rel. Harlan v. Bacon,* 21 F.3d 209, 212 (8th Cir.1994).

The estate further argues that this interpretation is contrary to state common law because Amos Jobe held no legal title or interest in the homestead at the time of his death. *In re Application of Gau,* 230 Minn. 235, 239, 41 N.W.2d 444, 447–8 (1950) (interest of joint tenancy terminates at death). Although resort to common law may be permissible when a statute fails to provide a definition of a term, common law should not be cited as a reason not to follow the plain language of a statute. *Cf. State v. Soto,* 378 N.W.2d 625, 628 (Minn.1985) (when none of homicide statutes provided statutory definition of term "human being," reviewing court could refer to common law definition of term). This is just another area in which joint tenancy common law has been modified by statute.

Finally, the estate argues that allowing claims against surviving spouse's estates is contrary to the asset allocation and spend-down provisions of both federal and state law, which promise that once allocations and

spend downs are met, the assets allocated to the community spouse are no longer "available" or subject to the medical expenses of the institutionalized spouse. *See* 42 U.S.C. § 1396r; Minn.Stat. §§ 256B.059, subd. 5(c), 256B.14, subd. 3. We disagree. The rules regarding eligibility for medical assistance do not necessarily override rules for recovery of benefits paid. *Cf. Norwest Bank North Dakota, N.A. v. Doth,* 159 F.3d 328, 333 (8th Cir.1998) (medical assistance lien imposed on proceeds of personal injury award or settlement could be satisfied before remaining funds placed in supplemental-needs trusts); *Commissioner of Dep't of Soc. Servs. v. Spellman,* 243 A.D.2d 45, 672 N.Y.S.2d 298, 300 (1998) (agency permitted to recover from husband for care provided to wife, to extent that husband had available resources).

Rather, because both federal and state law allow recovery only after the death of an individual's surviving spouse, dual interests are served. One policy prevents the impoverishment of the surviving spouse during his or her lifetime. *See Atkinson,* 564 N.W.2d at 211. Once that spouse dies and the need for protection from impoverishment ceases, allowing a state to recover medical assistance benefits previously paid furthers the broader purpose of funding future services to the medically needy. *See Thompson,* 586 N.W.2d at 851. These policies are both served by allowing the state to recover medical assistance benefits paid to or on behalf of a predeceased spouse from a surviving spouse's estate, to the extent the assets contained in that estate were jointly owned by the couple during their marriage.

## DECISION

Because federal law now allows states to opt for a definition of estate that may include "assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy-in-common, survivorship, life estate, living trust, or other arrangement," the state statute that allows medical assistance benefit reimbursement from the estate of a surviving spouse from "assets of the estate that were marital property or jointly-owned property at any time during the marriage" is entirely consistent with fed-

eral law and not preempted. 42 U.S.C. § 1396p(b)(4)(B); Minn.Stat. § 256B.15, subd. 2. We therefore affirm the district court's allowance of this claim against the estate.

**Affirmed.**