In re the ESTATE OF Sylvester
G. GROTE, Deceased.

No. A08–1691.

Court of Appeals of Minnesota.

June 2, 2009.

Sally K. Mortenson, Attorney at Law, Burnsville, MN, for appellant.

Lori Swanson, Attorney General, Robin C. Vue–Benson, Assistant Attorney General, St. Paul, MN, for intervenor-respondent Commissioner of Human Services.

Janet Reiter, Chisago County Attorney, Kristine Nelson Fuge, Assistant County Attorney, Center City, MN, for respondent Chisago County Health and Human Services.

Considered and decided by ROSS, Presiding Judge; LARKIN, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellant Helen Anderson, the personal representative of decedent Sylvester G. Grote's estate, challenges the district court's order allowing recovery from the estate of all medical assistance benefits (MAB) paid for the decedent's previously deceased spouse, who had owned property in joint tenancy with the decedent at the time of her death. Appellant argues that the order is an impermissible retroactive application of the 2003 amendments to Minn.Stat. § 256B.15, subd. 1a (2002), and, alternatively, that recovery of MAB is permitted from only one-half of property owned in joint tenancy. Respondent Chis-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ago County Health and Human Services (the county) argues for the first time on appeal that the current value of the property, not the stipulated value at the time of the death of decedent's spouse, is the amount available for recovery, and submits documents in support of this argument. Appellant moves to strike those documents.

We affirm the district court's order permitting recovery of all MAB paid for a previously deceased spouse from the estate of the surviving spouse and establishing the entire stipulated value of the property as the amount available for recovery. We do not address the county's argument regarding current property value. Finally, we deny appellant's motion to strike documents pertaining to Minnesota's MAB plan, but grant appellant's motion to strike the other listed documents that the county filed with this court.

## FACTS

In 1996, when Lavina Grote (Lavina) died, she owned, in joint tenancy with her husband, Sylvester Grote (Sylvester), real property valued at $76,900, a checking account with a balance of $2,229, and a savings account with a balance of $8,695 (a total of $87,824). Lavina's funeral expenses of $5,757 were deducted from that total, leaving $82,067. Lavina had received $71,263 in MAB. In 2006, Sylvester died, having received $54,797 in MAB.

The county filed a claim against Sylvester's estate for the $56,054 in MAB paid for him and for $27,039 in MAB paid for Lavina. Sylvester's daughter was appointed personal representative (PR) of his estate. She disallowed the $27,039 claim for MAB paid for Lavina.[1] The county peti-

tioned for allowance of a claim previously disallowed and claimed reimbursement for the remaining $44,224 for MAB for Lavina. Appellant also disallowed this second claim, and the county again petitioned for allowance of a claim previously disallowed.

The parties agreed to submit the matter on stipulated facts and memoranda. The district court granted the parties' motion to stay its decision until the release of *In re Estate of Barg*, 752 N.W.2d 52 (Minn. 2008), *pet. for cert. filed*, 77 USLW 3296 (U.S. 3 Nov. 2008) (No. 08–603).

After reviewing the parties' supplemental memoranda addressing the implications of *Barg*, the district court issued an order allowing recovery from Sylvester's estate of all MAB paid for Lavina. Appellant challenges that order.[2]

## ISSUES

1. May MAB paid for a deceased spouse be recovered from property owned in joint tenancy at the time of the recipient's death that has passed into the estate of the recipient's surviving spouse?

2. Is recovery of MAB from property previously owned in joint tenancy by the recipient spouse and a surviving spouse from the estate of the surviving spouse limited to one-half of the total value of the property?

3. Is the issue of using the present value of the property rather than its value at the time of Lavina's death properly before this court?

## ANALYSIS

■ This court does not defer to the district court's application of the law when

---

1. Appellant also disallowed $1,258 of the claim of MAB paid for Sylvester; this disallowance is not disputed.

2. This court granted the motion of respondent Commissioner of Human Services to intervene and submit a joint brief with the county.

the material facts are not in dispute. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Thus, we review this matter de novo.

## 1. Recovery of MAB from Estate of Recipient's Surviving Spouse

■ In November 1996, when Lavina died, recovery of MAB received by a deceased spouse from the estate of a surviving spouse was permitted:

> If a person receives any medical assistance hereunder, ... on the death of the survivor of a married couple, either or both of whom received medical assistance, the total amount paid for medical assistance rendered for the person and spouse shall be filed as a claim against the estate of ... the surviving spouse....

Minn.Stat. § 256B.15, subd. 1a (1996). This provision was unchanged when Sylvester died in May 2006, remains unchanged, and is the basis of the county's current claim of recovery. *See* Minn.Stat. § 256B.15, subd. 1a (2006); Minn.Stat. § 256B.15, subd. 1a (2008).

In 1987, the legislature established the county's right to recover MAB from the estate of a surviving spouse. *See* 1987 Minn. Laws ch. 403, art. 2, § 82 (amending Minn.Stat. § 256B.15). If the MAB recipient spouse died before 1987, the MAB could not be recovered from the estate of the surviving spouse. *See, e.g., In re Estate of Hanson*, 451 N.W.2d 364, 367 (Minn.App.1990) (holding that allowing recovery of MAB paid for spouse who died in 1986 from estate of surviving spouse was impermissible retroactive application of statute passed in 1987); *In re Estate of Edhlund*, 444 N.W.2d 861, 863 (Minn.App. 1989) (holding that right to recover for MAB paid to individual ceased at his death in 1986).

But, if the MAB recipient spouse died after 1987, recovery of MAB from the estate of the surviving spouse was allowed. *See, e.g., In re Estate of Jobe*, 590 N.W.2d 162, 166 (Minn.App.1999) (concerning recovery of MAB paid to spouse who died in 1995 and holding that, under Minn.Stat. § 256B.15, subds. 1a, 2, "the state [may] recover medical assistance benefits paid to or on behalf of a predeceased spouse from a surviving spouse's estate, to the extent the assets contained in that estate were jointly owned by the couple during their marriage"), *review denied* (Minn. 26 May 1999).

*Jobe* rejected the argument that Minn. Stat. § 256B.15, subds. 1a, 2, conflicts with federal law, noting that, since 1993, federal law has permitted states to define a MAB recipient's estate to include "real and personal property ... to which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor ... of the deceased individual through joint tenancy." *Id.* at 165, (quoting 42 U.S.C. § 1396p(b)(4)(B) (1994)). *Jobe* noted that the "conveyed to a survivor ... through joint tenancy" language in the federal statute would be meaningless if recovery were not permitted from the estate of a surviving spouse. *Id.* at 166. "This language clearly and unambiguously authorizes a state to define an individual's estate to include non-probate assets, such as those conveyed to a survivor spouse through joint tenancy." *Id.* at 165.

*Jobe* also rejected the argument that common law precludes recovery of MAB paid to a deceased spouse from the estate of a surviving spouse because common law holds that a joint tenancy interest terminates at death: "[C]ommon law should not be cited as a reason not to follow the plain language of a statute." *Id.* at 166. *Jobe's* construction of Minn.Stat. § 256B.15,

subd. 1a, clearly supports recovery of MAB paid for Lavina from Sylvester's estate.

Appellant relies on *Barg*, but it is distinguishable on its facts. *See* 752 N.W.2d at 73 (denying recovery of MAB from the estate of recipient's surviving spouse). When Lavina died in 1996, she and Sylvester owned property in joint tenancy, whereas in *Barg*, "[the MAB recipient spouse] did not retain a joint tenancy interest in the property at the time of her death, because that interest was effectively and legally transferred before her death." *Id.* at 72. *Barg* holds that 42 U.S.C. § 1396p(b)(4)(B), providing, at a state's option, for recovery of MAB after a surviving spouse's death from "real and personal property . . . to which the [MAB recipient] had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor . . . of the deceased individual through joint tenancy . . . ," preempts Minn.Stat. § 256B.15, subd. 2, providing for recovery of MAB from "assets of the [surviving spouse's] estate that were marital property or jointly owned property at any time during the marriage." *Id.* at 73–74. Thus, the fact that the MAB recipient spouse had no interest in the property in the surviving spouse's estate at the time of death, which precluded recovery under the federal law, superceded the fact that she had had a joint tenancy interest in that property sometime during the marriage, which permitted recovery under the state law. *Id.* Because Lavina met the federal criterion for recovery of MAB by having a joint tenancy interest at the time of her death, *Barg* is distinguishable.

Appellant also argues that assets in which Lavina had a joint tenancy interest at the time of her death in 1996 were not available for recovery of her MAB after Sylvester's death because Minnesota did not expand its definition of a recipient's estate until 2003. *See* 2003 Minn. Laws 1st Spec. Sess. ch. 14, art. 12, §§ 46–48, at 2207–17; Minn.Stat. § 256B.15, subds. 1d, 1f–1j (2008). But the 2003 amendments did not affect the relevant provisions of Minn.Stat. § 256B.15, subd. 1a (permitting recovery from estate of surviving spouse). Therefore, they are irrelevant here. *See Jobe*, 590 N.W.2d at 166 (permitting recovery of MAB under Minn.Stat. § 256B.15, subds. 1a, 2, for recipient spouse who died in 1995); *see also Barg*, 752 N.W.2d at 73 ("It is difficult to discern the intended reach of the 2003 amendments. If the pre–2003 law allowed recovery against the surviving spouse's estate . . . there was little need to enact the 2003 amendments to reach those assets in the case of a recipient who leaves a surviving spouse.")

We conclude that the district court did not err in allowing recovery of Lavina's MAB from Sylvester's estate.

## 2. Amount of Recovery

▪ The district court concluded that, because a joint tenancy interest is an interest in the entire property, the whole of Sylvester's estate was available for recovery of Lavina's MAB. Appellant argues that, because a joint tenancy interest in the property is an undivided one-half of the value of the property, only one-half of Sylvester's estate was available for recovery. We examine the nature of joint tenancy to reconcile these conflicting views.[3]

▪ A joint tenant owns property both *"per my et per tout*—[b]y the half and by the whole." *Black's Law Dictionary* 1177

---

3. This is an issue of first impression. Because *Barg* held that the MAB recipient spouse had no interest in the property at the time of death, it did not address the extent of a deceased spouse's interest in property owned in joint tenancy at the time of death.

(8th ed.2004). "This phrase described the estate held by joint tenants: by the half for purposes of survivorship, by the whole for purposes of alienation." *Id.; see also O'Hagan v. United States*, 86 F.3d 776, 779 (8th Cir.1996) (holding that, under Minnesota law, a joint tenant has "a [future] right of survivorship to [the other joint tenant's] interest in the joint tenancy property, as well as a present right to use and occupy the real estate"); 7 Richard R. Powell, *Powell on Real Property* § 51.01[1] (Michael Allan Wolf, ed. 2000) ("[N]ot only do the joint tenants each possess the entire tenancy (*'per tout'*), but each also possesses equal fractional undivided[4] shares of the tenancy (*'per my'*)...."); 48A C.J.S. *Joint Tenancy* § 24 (2004) ("Each of the joint tenants possesses a present estate, and is seized of the whole estate; he or she has an undivided share of the whole estate rather than the whole of an undivided share. Each tenant is said to hold *'per my et per tout,'* that is, by the half and by the whole."). (footnotes omitted).

MAB may be recovered after a surviving spouse's death from "real and personal property ... in which the [MAB recipient] had any legal title or interest at the time of death (*to the extent of such interest*), including such assets conveyed to a survivor ... of the deceased individual through joint tenancy...." 42 U.S.C. § 1396p(b)(4)(B) (emphasis added). At the time of her death, Lavina as a joint tenant had two distinct interests in the property: a half interest in terms of survivorship and a whole interest in terms of alienation. The question becomes to the extent of which of these interests, under 42

U.S.C. § 1396p(b)(4)(B), her MAB may be recovered:

> [F]or an interest to be traceable to and recoverable from a surviving spouse's estate, the interest must be (1) an interest recognized by law, (2) which the [MAB] recipient held at the time of death, and (3) that resulted in a conveyance of an interest of some value to the surviving spouse that occurred as a result of the recipient's death.

*Barg*, 752 N.W.2d at 72. It is undisputed that: (1) Lavina's joint tenancy was recognized by law; (2) she held it at the time of her death; and (3) joint tenancy interests pass to the surviving joint tenant at and because of a joint tenant's death. *See* 48A C.J.S. *Joint Tenancy* § 2 ("[O]n the death of a joint tenant, the property descends to the survivor or survivors .... [who] take the whole estate."). Thus, we ask if the whole estate was an interest of some value to Sylvester.

We conclude that it was. Sylvester ceased being a joint tenant and became the sole owner of the property at the time of Lavina's death; he acquired both Lavina's half interest, or her right to survivorship, and her whole interest, giving him the unique right to use and occupy the whole of the property during his lifetime and to bequeath the whole of it (exclusive of the amount claimed for his and Lavina's MAB under Minn.Stat. § 256B.15, subd. 1a) in his will. The extent of the interest conveyed through joint tenancy to Sylvester by Lavina's death was her interest in the entire property, which is therefore available for MAB recovery.[5]

**4.** In this context, "undivided" means "held under the same title by two or more persons." *Black's Law Dictionary* 829 (8th ed.2004) (defining *"undivided interest* ... [a]lso termed *undivided right, undivided title "*).

**5.** We note that this holding reflects "the policy of this state that individuals or couples, either or both of whom participate in the medical assistance program, use their own assets to pay their share of the total cost of

### 3. Date of Property Valuation

For the first time on appeal, the county argues that the current value of the property, alleged to be $254,100, should be used when establishing the amount available for recovery. The district court noted that the county "does not dispute that the funeral expenses of $5,757 which was paid from joint assets would reduce the total value of the estate available for recovery to $82,067.37." This figure is based on the 1996 property values in the parties' stipulated facts, which include no reference to current value. When a party has taken a position at the district court level, "[i]t may not change its position on appeal." *Farmers State Bank v. Easton Farmers Elevator*, 457 N.W.2d 763, 765 (Minn.App. 1990), *review denied* (Minn. 20 Sept. 1990).

The county never presented its current value argument to the district court, and the district court never addressed it. This court does not generally entertain arguments neither presented to, nor considered by, the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Moreover, the county provides no legal support for the argument that the current value of the property should be used. This court declines to address allegations unsupported by legal analysis or citation. *Ganguli v. Univ. of Mn.*, 512 N.W.2d 918, 919 n. 1 (Minn.App.1994). The issue of using current value rather than value at the date of death is not properly before us.

We note that the record does not include the documents the county provided this court to support its allegation as to current value, and appellant moves to strike these documents. We deny the motion as to the material from Minnesota's MAB plan because it is a matter of legislative fact. *See United States v. Gould*, 536 F.2d 216, 219 (8th Cir.1976) (stating that legislative facts "are an indispensable tool used by judges when discerning the applicable law through interpretation"); *Barg*, 752 N.W.2d at 58 n. 3 (granting motion to supplement record with parts of MAB plans from Minnesota and other states); Minn. R. Civ.App. P. 110.01 (stating that record on appeal consists of papers filed with the trial court). We grant the motion to strike the documents other than the Minnesota MAB plan.

### DECISION

Because both Minnesota and federal law permit the recovery of MAB benefits from property owned by the recipient in joint tenancy at the time of death that has passed into the estate of a surviving spouse and because the surviving spouse derives value from the conveyance of the recipient's interest in the real property, we affirm the district court's determination that the entire property is available for recovery.

**Affirmed; motion granted in part and denied in part.**

---

their care." Minn.Stat. § 256B.15, subd. 1(a)    (2008).